# EXHIBIT

# 1

Electronically FILED by Superior Court of California, County of Los Angeles on 03/25/2019 05:31 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
19STCV10211

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** COUNTY OF LOS ANGELES, NIKOLIS
*(AVISO AL DEMANDADO):* PEREZ, JONATHAN ROJAS, and DOES 1
through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** LISA VARGAS
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
Stanley Mosk Courthouse
111 North Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
19STCV10211

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Humberto Guizar, Esq. SBN: 125769          Tel: (323) 725-1151   Fax: (323) 597-0101
GUIZAR, HENDERSON & CARRAZCO, L.L.P.,
3500 West Beverly Blvd.,
Montebello, CA 90640

Sherri R. Carter Executive Officer / Clerk of Court

DATE:   03/25/2019                          Clerk, by   Nancy Alvarez                     , Deputy
*(Fecha)*                                    *(Secretario)*                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* County of Los Angeles

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* Public Entity

4. ☒ by personal delivery on *(date):* 4/8/19

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
Plus

Electronically FILED by Superior Court of California, County of Los Angeles on 03/25/2019 05:31 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
19STCV10211

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Christopher Lui

1   Humberto M. Guizar, Esq., (SBN 125769); herito@aol.com
    GUIZAR, HENDERSON & CARRAZCO, L.L.P.
2   3500 West Beverly Blvd., Montebello, CA 90640
3   Telephone: (323) 725-1151
    Facsimile: (323) 597-0101
4   Attorneys for Plaintiff,
5   LISA VARGAS

6           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7                   **COUNTY OF LOS ANGELES**

8

9   LISA VARGAS                        ) CASE NO.: 19STCV10211
                        Plaintiff      )
10                                     )
11              v.                     ) **COMPLAINT FOR DAMAGES**
                                       )
12  COUNTY OF LOS ANGELES,             ) 1. Battery (Wrongful Death)
    NIKOLIS PEREZ, JONATHAN            ) 2. Negligence (Wrongful Death)
13  ROJAS, and DOES 1 through 10,      ) 3. Violation Of 52.1 Of The
    inclusive,                         )    California Civil Code
14                                     ) 4. Unreasonable Search and
                        Defendants     )    Seizure—Excessive Force and
15                                     )    Denial of Medical Care
                                       )    (42 U.S.C. § 1983);
16                                       5. Substantive Due Process
                                            (42 U.S.C. § 1983);
17                                       6. Municipal Liability for
                                            Unconstitutional Custom, Practice,
18                                          or Policy (42 U.S.C. § 1983);

19                                       **DEMAND FOR JURY TRIAL**

20

21

22              **COMPLAINT FOR DAMAGES**

23  1.    Plaintiff LISA VARGAS individually in her Complaint against Defendants

24  COUNTY OF LOS ANGELES (hereinafter also sometimes referred to as,

25  "COUNTY" or "County" or "COLA"); NIKOLIS PEREZ, JONATHAN ROJAS,

26  and DOES 1 THROUGH 10, inclusive (collectively "Defendants"), allege as

27  follows:

28

## INTRODUCTION

2.     This action seeks compensatory and punitive damages from individual deputy sheriffs, from senior sheriff's department officials, and from the County of Los Angeles for violations state law and fundamental rights under the United States Constitution in connection with the brutal police shooting and killing of ANTHONY VARGAS on August 12, 2018.  Decedent ANTHONY VARGAS was shot dead by Defendants, Los Angeles County Sheriff Deputies; NIKOLIS PEREZ, and JONATHAN ROJAS on August 12, 2018.

3.     Decedent ANTHONY VARGAS is but one of many recent victims of a disturbing trend featuring unarmed citizens shot dead by sheriff deputies employed by the County of Los Angeles.  Rather than take measures to address the staggering epidemic and wave of such shootings, such as holding the culprits accountable, local authorities have fomented a culture pursuant to which individual deputies and their supervisors look the other way when such shootings take place and when deputies involved fabricate stories that purport to justify the shootings. There have been numerous shootings per year every year by COUNTY OF LOS ANGELES Sheriff Deputies who shoot and kill unarmed persons who have fired no shots, including from 2007 through the date of the shooting of Decedent ANTHONY VARGAS. From at least 2008 through the date of the shooting of Decedent ANTHONY VARGAS, Defendant COUNTY OF LOS ANGELES has maintained a custom, policy and practice in which its Deputies are permitted to shoot persons who are visibly unarmed and who have fired no shots and in which the COUNTY OF LOS ANGELES Sheriff Deputies are not fired or disciplined for such unjustified shootings, thereby condoning this practice of over and over, time and again shooting unarmed civilians.  This policy of shooting unarmed civilians was a moving force in the shooting of Decedent ANTHONY VARGAS on August 12, 2018.

4.     The policies and customs behind shootings of unarmed civilians such as ANTHONY VARGAS are fundamentally unconstitutional and constitute a menace

1   of major proportions to the public.  Accordingly, insofar as Plaintiff herein seeks by

2   means of this action to hold accountable those responsible for the killing of

3   ANTHONY VARGAS and to challenge the County's unconstitutional policies and

4   practices, this civil rights action is firmly in the public interest.

5                                    **PARTIES**

6   5.      At all relevant times, ANTHONY VARGAS (hereinafter, sometimes referred

7   to herein as "Decedent") was an individual residing in the County of Los Angeles,

8   California.

9   6.      Plaintiff LISA VARGAS is an individual residing in the COUNTY OF LOS

10  ANGELES and is the mother of Decedent. Plaintiff LISA VARGAS sues in her

11  individual capacity as the mother of the Decedent, and in a representative capacity as

12  a successor-in-interest to Decedent and THE ESTATE OF ANTHONY VARGAS

13  pursuant to California C.C.P. Section 377.32.  Plaintiff LISA VARGAS is an "heir

14  at law" (C.C.P. Section 373.60, wrongful death) and a "successor-in-interest" (C.C.P.

15  Section 377.30, survival) to Decedent ANTHONY VARGAS. Plaintiff LISA

16  VARGAS seeks both wrongful death and survival damages under federal and state

17  law. Furthermore, Plaintiff LISA VARGAS seeks all damages available under

18  federal and state law including under C.C.P. Section 373.60 (wrongful death); C.C.P.

19  Section 373.30 (survival) and under federal law for wrongful death and survival.  The

20  damages sought by Plaintiff LISA VARGAS for the death of her son, ANTHONY

21  VARGAS, include for loss of Decedent's love, companionship, comfort, care,

22  assistance, protection, affection, society, moral support; loss of financial support and

23  earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of

24  relationship with Decedent, including loss of society and companionship and the

25  mental, physical and emotional pain and suffering of Decedent and all other damages

26  allowed under federal and state law. Plaintiff the ESTATE OF ANTHONY

27  VARGAS appears through its successor-in-interest, the Plaintiff LISA VARGAS.

28

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

7.      Defendant COUNTY OF LOS ANGELES (hereinafter, referred to as "COLA") is a public entity whose deputies operate under color of law or authority, in their individual and representative capacities and in the course and scope of their employment with the capacity to sue and be sued.  Defendant COLA is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies.  At all times relevant to the facts alleged herein, Defendant COLA was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its employees complied with the laws and the Constitutions of the United States and the State of California.  Defendant COLA employs persons including through Departments that include the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter, sometimes referred to as "LASD").

8.      Defendants Deputy NIKOLIS PEREZ, (hereinafter also referred to as "PEREZ") and Deputy JONATHAN ROJAS, (hereinafter also referred to as "ROJAS") (hereinafter also referred to as are LASD   sheriff deputies working for COLA and LASD.  On August 12, 2018, Defendants PEREZ, and ROJAS, in their individual capacities, acting under color of law and in the course and scope of their employment with COLA shot and killed Decedent.

9.      At all relevant times, defendants PEREZ, ROJAS, and Does 1 Through 10 were employees of the LASD. At all times relevant herein, defendant NIKOLIS PEREZ, JONATHAN ROJAS and each of the defendants Does 1 Through 10 were an employee and/or agent of defendant COUNTY and each of these individual defendants acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant COLA and the LASD, as well as under the color of the statutes and regulations of the State of California.

10.     At all relevant times, defendants PEREZ, ROJAS, and each of the Defendant's Does 1 Through 10 was acting within his or her capacity as an employee, agent, representative and/or servant of COLA.

11.   Defendants PEREZ, ROJAS, and Does 1 Through 10 are sued in their individual capacities for damages only.

12.   On information and belief, at all relevant times, Defendants PEREZ, ROJAS and Does 1 Through 10, inclusive, were residents of County of Los Angeles, California. Defendants PEREZ, and ROJAS, are sued herein in their individual and/or representative capacity and/or in their capacity as employees and agents of Defendant COLA.

13.   At all relevant times, PEREZ, ROJAS, and Does 1 Through 10, inclusive, were duly authorized employees and agents of COLA, who were acting under color of law within the course and scope of their individual and/or representative capacities and respective duties as deputies and law enforcement agents and with the complete authority and ratification of their principal, Defendant COLA.

14.   At all relevant times, Defendants PEREZ, ROJAS, and Does 1 Through 10, inclusive, were duly appointed officers and/or employees or agents of COLA, subject to oversight and supervision by COLA's elected and non-elected officials.

15.   In doing the acts and failing and omitting to act as hereinafter described, defendants PEREZ, ROJAS, and Does 1 Through 10 were acting on the implied and actual permission and consent of COLA.

16.   The true names of defendants Does 1 Through 10, inclusive, are unknown to Plaintiffs, who therefore sues these defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

17.   Each of the Defendants caused and is responsible for the unlawful conduct and resulting, by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant

PLAINTIFFS' COMPLAINT FOR DAMAGES

1    to which the unlawful conduct occurred; by failing and refusing, with deliberate
2    indifference to Plaintiffs and Decedent's rights, to initiate and maintain adequate
3    supervision and/or training; and, by ratifying the unlawful conduct that occurred by
4    agents and peace officers under their direction and control. Whenever and wherever
5    reference is made in this Complaint to any act by a Defendant, such allegation and
6    reference shall also be deemed to mean the acts and failures to act of each Defendant
7    individually, joint, and severally. They are sued in their individual and official
8    capacities and in some manner are responsible for the acts and omissions alleged
9    herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such
10    name and responsibility when that information is ascertained. Each of Defendants is
11    the agent of the other and the actions of each of the Defendants were ratified by the
12    other Defendants.

**JURISDICTION AND VENUE**

14    18.     This action is properly filed in the Los Angeles Superior Court, Central
15    District, as it is a wrongful death case and seeks remedies under state law for the
16    personal injuries suffered by the Decedent, ANTHONY VARGAS, as well as his
17    mother, plaintiff LISA VARGAS. Furthermore, this civil action is brought by
18    plaintiff LISA VARGAS for the redress of alleged depravations of constitutional
19    rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and
20    Fourteenth Amendment of the United States Constitution, and the California
21    Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

22    19.     Venue is proper in this Court because defendants reside in, and in all incidents,
23    events, and occurrences giving rise to this action occurred in, the County of Los
24    Angeles, California. Each Plaintiff herein timely and properly filed tort claims
25    pursuant to Cal. Gov. Code § 910 et seq., and this action is timely filed within all
26    applicable statutes of limitations.

27    ///
28    ///

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

20.    Plaintiff repeats and re-alleges each allegation in paragraphs 1 through 19 of this Complaint with same force and effect as if fully set forth herein.

21.    Decedent was born on July 27, 1997, and he was 21 years old at the time of his death.

22.    On the evening of August 12, 2018, Decedent, ANTHONY VARGAS was walking in the Maravilla community located in East Los Angeles, California intending to go home. Defendants PEREZ, ROJAS, and Does 1 Through 10 observed Decedent and they attempted to question him. Decedent panicked as he fled on foot. Defendants PEREZ, ROJAS, and Does 1 Through 10 shot Decedent multiple times and killed him.

23.    Without issuing any warning that shots were going to be fired, and in violation of COLA policy, Defendants PEREZ, and ROJAS, fired their firearms at Decedent.

24     Decedent sustained injuries, pain, and suffering, and death when he was shot dead by Defendants PEREZ, and ROJAS, who were acting under color of law, in their individual and official capacities and as employees of COLA/LASD. The Decedent was unarmed and at the time of the shooting posed no imminent threat of death or serious bodily injury to any person and the force that was used by Defendants NIKOLIS PEREZ, JONATHAN ROJAS was unreasonable, excessive deadly force.

25.    Upon information and belief, at the time he was shot, Decedent was not in possession of a weapon. Moreover, Decedent was leaving the scene of the incident. There was no crime in progress. Decedent posed no imminent threat of death or serious bodily injury to Defendant NIKOLIS PEREZ, JONATHAN ROJAS, or any other sheriff deputy or person.

26.    Defendants PEREZ and ROJAS did not warn Decedent that they were about to shoot hm.

27.    Upon information and belief, after being shot, Decedent collapsed was immobile and bleeding profusely and in obvious critical need of immediate

7

1  emergency care and treatment.  Instead of immediately providing or facilitating
2  emergency care and treatment, Decedent's need for immediate medical care was
3  ignored. Defendant's NIKOLIS PEREZ, JONATHAN ROJAS and DOES 1
4  THROUGH 10, inclusive did not timely summon medical care or permit medical
5  personnel to treat Decedent. The delay of medical care to Decedent caused Decedent
6  extreme physical and emotional pain and suffering and was a contributing cause of
7  Decedent's death.

8  28.    Within six months of the Incident, Plaintiffs timely and appropriately
9  presented and filed Government Claims with the Defendant COLA in this action.
10 The Government Claims were rejected and the filing of this action, as to the State
11 Claims for Relief, within six months of the rejection, are timely filed.  Additionally,
12 the Federal Claims for Relief are also timely filed within two years of the Incident.

13               **FIRST CLAIM FOR RELIEF**
                 **FOR BATTERY CAUSING WRONGFUL DEATH)**
14               **(Cal. Govt. Code §820 And California Common Law);**
                 **(BY PLAINTIFF LISA VARGAS AND THE ESTATE OF ANTHONY**
15               **VARGAS, AGAINST DEFENDANTS NIKOLIS PEREZ,**
16               **JONATHAN ROJAS)**

17 29.    Plaintiff repeats and re-alleges each allegation in paragraphs 1 through 58 of
18 this Complaint with the same force and effect as if fully set forth herein.

19 30.    Defendants PEREZ, ROJAS, while working as a deputy sheriff for COLA, and
20 acting within the course and scope of their duties, intentionally shot Decedent.  As a
21 result of these actions, Decedent suffered severe pain and suffering and ultimately
22 died from his injuries and lost earning capacity. Defendant PEREZ, ROJAS, had no
23 legal justification for using force against Decedent and the use of force was excessive
24 and unreasonable.

25 31.    As a direct and proximate result of the actions of Defendants, Plaintiff LISA
26 VARGAS suffered the loss of her Father, Decedent ANTHONY VARGAS,
27 including damages for the loss of Decedent's life-long love, companionship, comfort,
28

8
**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1  care, assistance, protection, affection, society, moral support; loss of financial

2  support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial

3  expenses; loss of the reasonable value of household services; loss of relationship with

4  Decedent, including loss of society and companionship and all other damages

5  allowed under state law.

6  32.    COLA is vicariously liable for the wrongful acts of Defendants PEREZ and

7  ROJAS pursuant to section 815.2(a) of the California Government Code, which

8  provides that a public entity is liable for the injuries caused by its employees within

9  the scope of the employment if the employee's acts would subject him or her to

10  liability.

11  33.    The conduct of Defendants PEREZ and ROJAS was malicious, wanton,

12  oppressive, and accomplished with a conscious disregard for the rights of Plaintiff

13  LISA VARGAS and Decedent, entitling Plaintiff LISA VARGAS in each case

14  individually and as a successor-in-interest to Decedent, to an award of exemplary and

15  punitive damages as to Defendants PEREZ, and ROJAS.

16  **SECOND CLAIM FOR RELIEF**

17  **(BY PLAINTIFF LISA VARGAS AND THE ESTATE OF ANTHONY VARGAS, FOR NEGLIGENCE, (WRONGFUL DEATH) (BY PLAINTIFF**

18  **LISA VARGAS AGAINST DEFENDANTS NIKOLIS PEREZ, JONATHAN ROJAS and DOES 1 THROUGH 10)**

19

20  34.    Plaintiff repeats and reallege each allegation in paragraphs 1 through 33 of this

21  Complaint with the same force and effect as if fully set forth herein.

22  35.    The actions and inactions of Defendants, including the actions of Defendants

23  PEREZ, ROJAS, and Does 1 Through 10, were negligent and reckless, including

24  but not limited to:

25      (a) the failure to properly and adequately assess the need to detain, arrest, and

26      use force or deadly force against Decedent ANTHONY VARGAS;

27      (b) the negligent tactics and handling of the situation with Decedent

28      ANTHONY VARGAS, including pre-shooting negligence;

9
**PLAINTIFFS' COMPLAINT FOR DAMAGES**

(c) the negligent detention, arrest, and use of force, including deadly force, against Decedent ANTHONY VARGAS;

(d) the failure to provide prompt medical care to Decedent ANTHONY VARGAS;

(e) the failure to properly train and supervise employees, both professional and non-professional, including Defendants PEREZ, ROJAS, and Does 1 Through 10, including, but not limited to the failure to train to follow the COUNTY OF LOS ANGELES Sheriff Department Manual of Policies and Procedures;

(f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Decedent ANTHONY VARGAS;

(g) the violation of Defendant COUNTY OF LOS ANGELES Sheriff Department Manual of Policies and Procedures regarding use of force, and violation of other portions of the Manual and tactics;

36.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Decedent was caused to suffer severe pain and suffering and ultimately died and lost earning capacity. Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs also are claiming funeral and burial expenses and a loss of financial support.

37.   The COUNTY is vicariously liable for the wrongful acts of Defendants PEREZ, ROJAS, and Does 1 Through 10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

38.   The conduct of Defendants PEREZ, ROJAS, and Does 1 Through 10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and Decedent, entitling Plaintiff, individually and as successor-in-interest to Decedent, to an award of exemplary and punitive damages as to individual Defendants NIKOLIS PEREZ, JONATHAN ROJAS and DOES 2-10.

39.   Plaintiffs LISA VARGAS brings her claim in each case, individually as an heir at law of Decedent in wrongful death and as successor-in-interest to the Decedent and to The Estate of ANTHONY VARGAS, and in each case, seek both survival and wrongful death damages for the violation of Decedent's rights.

### THIRD CLAIM FOR RELIEF

**BY PLAINTIFF LISA VARGAS AND THE ESTATE OF ANTHONY VARGAS, FOR VIOLATION OF THE SECTION 52.1 OF THE CALIFORNIA CIVIL CODE - AGAINST DEFENDANTS NIKOLIS PEREZ, JONATHAN ROJAS and DOES 1 THROUGH 10)**

40.   Plaintiff repeats and reallege each allegation in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

41.   This action is brought pursuant to section 52.1 of the California Civil Code. The present action is also brought pursuant to section 820 and 815.2 of the Government Code.  Pursuant to section 820 of the California Government Code, as a public employee, Defendants PEREZ, ROJAS, and Does 1 Through 10 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants PEREZ, ROJAS, and Does 1 Through 10 were acting within the course and scope of their employment and/or agency with defendant COUNTY OF LOS ANGELES. As such defendant COUNTY OF LOS ANGELES is liable in respondent superior for the injuries caused by the acts and omissions of Defendants PEREZ, ROJAS, and Does 1 Through 10 pursuant to section 815.2 of the California Government Code.

11
PLAINTIFFS' COMPLAINT FOR DAMAGES

42.   Plaintiff's Decedent, ANTHONY VARGAS was subjected to excessive force by Defendants PEREZ, ROJAS, and Does 1 Through 10 in the form of gunshots fired by said defendants which struck ANTHONY VARGAS and caused him serious personal injuries from which he eventually died.  The shooting was unreasonable and unwarranted as the circumstances under which the shooting occurred did not require the use of any force whatsoever. As an unreasonable use of force, the shooting constituted a violation of ANTHONY VARGAS's constitutional rights against unreasonable searches and seizures protected by the Constitution of the State of California.

43.   All of the above acts and omissions of Defendants PEREZ, ROJAS, and Does 1 Through 10 were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said defendant.

44.   As a proximate result of the acts of Defendants PEREZ, ROJAS, and Does 1 Through 10, ANTHONY VARGAS's suffered multiple gunshot wounds which caused him severe injuries from which he eventually died.

45.   The above acts of defendants violated ANTHONY VARGAS's civil rights as protected by section 52.1 of the Civil Code.  As such, Plaintiff LISA VARGAS is entitled to compensatory damages according to proof, including those permitted by Section 52 of the Civil Code, punitive and exemplary damages, the costs of suit incurred in this action, reasonable attorney's fees as permitted by the Civil Code section 51.7 and 52, and any other additional relief that the court deems proper.

///

///

///

///

///

///

12

PLAINTIFFS' COMPLAINT FOR DAMAGES

**FOURTH CLAIM FOR RELIEF**

**FOR UNREASONABLE SEARCH AND SEIZURE— UNREASONABLE AND/OR EXCESSIVE FORCEAND DENIAL OF MEDICAL CARE (42 U.S.C. § 1983); (By Plaintiff LISA VARGAS individually, and as successor in interest to DECEDENT ANTHONY VARGAS, by and Through her Guardian Ad Litem, ESMERALDA ESTEBAN; and THE ESTATE OF ANTHONY VARGAS, Against Defendants NIKOLIS PEREZ, JONATHAN ROJAS and DOES 1 THROUGH 10, inclusive)**

46.    Plaintiffs repeat and re-allege each allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47.    The unjustified shooting of Decedent by Defendants PEREZ, ROJAS, and other unknown DOE defendants deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.  On August 12, 2018, Defendants PEREZ, ROJAS, and Does 1-10, acting in their individual and/or representative capacities, in the course and scope of their employment with Defendant COLA, acting under color of law, used unreasonable and excessive deadly force and violated the Constitutional Rights of when they shot and killed Decedent. Decedent did not represent an imminent threat of death or serious bodily injury and the deadly force used by Defendants PEREZ, ROJAS, and Does 1-10, was objectively unreasonable force that proximately caused the death of Decedent in violation of 42 U.S.C. Section 1983.

48.    By virtue of their misconduct, defendants PEREZ, ROJAS, and Does 1 Through 10, inclusive are liable for Decedent's injuries, either because these defendants were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

49.     Defendants PEREZ, ROJAS, and Does 1 Through 10, inclusive knew that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but nevertheless disregarded his serious medical needs, causing him great bodily harm, physical and emotional pain and suffering, and death.

50.     This use of deadly force was excessive and objectively unreasonable under the circumstances.  Defendants' actions thus deprived Decedent of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

51.     As a direct and proximate result of the actions of Defendants, Plaintiff LISA VARGAS suffered the loss of her loving son, Decedent ANTHONY VARGAS, including damages for the loss of Decedent's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with Decedent, including loss of society and companionship and the mental, physical and emotional pain and suffering of Decedent and all other damages allowed under federal and state law.  Plaintiff LISA VARGAS by this action, further claims all of Plaintiffs' attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

52.     The conduct of Defendants PEREZ, ROJAS, and Does 1 Through 10, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants PEREZ, ROJAS, and DOES 1 THROUGH 10, inclusive.

///

///

///

**FIFTH CLAIM FOR RELIEF**

**FOR VIOLATION OF SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983);**

**(By Plaintiff LISA VARGAS Against Defendants NIKOLIS PEREZ,**

**JONATHAN ROJAS, and DOES 1 THROUGH 10, inclusive)**

53.    Plaintiffs repeat and re-allege each allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.    Plaintiff LISA VARGAS, as the parent of Decedent ANTHONY VARGAS, had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them life, liberty, or property in such a manner as to be deliberately indifferent to the constitutional rights of the Decedent, including but not limited to unwarranted state interference in Plaintiff's familial relationship with their son, Decedent ANTHONY VARGAS.

55.    Decedent ANTHONY VARGAS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that would deprive him of life, liberty, or property in such a manner as to be deliberately indifferent to the constitutional rights of the Decedent.

56.    The aforementioned actions of Defendants PEREZ, ROJAS,  and Does 1 Through 10, along with other undiscovered conduct, were deliberately indifferent to the constitutional rights of the Decedent and Plaintiff  LISA VARGAS, in that said Defendants had time to deliberate and then used deadly force that shocks the conscience in violation of the constitutional rights of Decedent and Plaintiff LISA VARGAS,  and with purpose to harm unrelated to any legitimate law enforcement objective in violation of 42 U.S.C. Section 1983.

///

57. Defendants PEREZ, ROJAS, and Does 1 Through 10 thus violated the substantive due process rights of Plaintiffs LISA VARGAS to be free from unwarranted interference with their familial relationship with Decedent.

58. As a direct and proximate cause of the acts of Defendants PEREZ, ROJAS, and Does 1 Through 10, Plaintiffs have been deprived of the life-long love, companionship, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives.

59. Plaintiffs ANTHONY VARGAS Sr., and MARIA REZA bring this claim in each case individually, and in each case, seek death damages for the violation of their constitutional rights to a familial relationship with Decedent. Plaintiffs ANTHONY VARGAS Sr., and MARIA REZA by this action further claim all of Plaintiffs' attorneys' fees and costs incurred and to be incurred in Plaintiffs presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

60. The conduct of PEREZ, ROJAS, and Does 1 Through 10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants PEREZ, ROJAS, and Does 1 Through 10.

**SIXTH CLAIM FOR RELIEF**

**FOR MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL**

**CUSTOM OR POLICY (42 U.S.C. § 1983);**

**(By Plaintiff LISA VARGAS Against COUNTY OF LOS ANGELES**

**and DOES 1 THROUGH 10)**

61. Plaintiffs repeat and re-allege each allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62. On information and belief, Defendants PEREZ, ROJAS, unjustified shooting of Decedent was found to be within COLA/LASD policy.

63.    On information and belief, Defendants PEREZ, ROJAS, unjustified shooting of Decedent was ratified by COLA/LASD supervisorial officers.

64.    On information and belief, Defendants PEREZ, ROJAS, were not disciplined for the unjustified shooting of DECEDENT.

65.    On and for some time prior to August 12, 2018 (and continuing to the present date) at the East Los Angeles Precinct of the Los Angeles County Sheriff's Department, there is a group of deputies who have been acting as "gang members", as defined by Penal Code Section 186.22. These deputies have identified themselves as the "bandidos". These are Latino deputies who wear tattoos of a skeleton with a sombrero, bandolier and pistol. The Bandidos from the Sheriff's department use gang tactics of fear and intimidation during work hours to silence deputies from reporting deputy acts of misconduct, including the use of excessive force.  The command staff is aware of this behavior and has failed to take reasonable steps to stop this egregious behavior.  By failing to stop these deputies from being involved in this gang culture the ELA precinct has fostered a custom and practice that encourages deputies to engage in unconstitutional conduct such as using excessive force on civilians.  This gang culture has created a custom and practice within the precinct that encourages deputies to not report and account for the use of force on civilians with candor and honesty.   This Sheriff gang culture was a moving force behind the use of excessive force on the decedent, Anthony Vargas, by defendants PEREZ, and ROJAS because said defendants knew they could use excessive force on Anthony Vargas with impunity, and they also knew they could also use excessive deadly force on civilians without any accountability to anyone, including their supervisors.

66.    On and for some time prior to August 12, 2018 (and continuing to the present date), Defendants COLA and DOES 1-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and

17

comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as deputy sheriffs and other personnel, including Defendants PEREZ, ROJAS, whom Defendants COUNTY and Does 1-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by acting as gang members and failing to follow written LASD policies, including the use of excessive force;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining COL Sheriff deputies and other personnel, including Defendants PEREZ, ROJAS, whom Defendants COLA and Does 1-10 knew or in the exercise of reasonable care should have known had the propensities and character traits, including the propensity for violence and the use of excessive force;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants PEREZ and ROJAS, who are Sheriff Deputies and/or agents of COLA.

(d) By failing to discipline COLA Deputies' and/or agents' conduct, including but not limited to, unlawful detention and excessive force;

(e) By ratifying the intentional misconduct of PEREZ, ROJAS, and other COLA Deputies and/ or agents, who are COLA Deputies and/or agents of COUNTY;

(f) By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies,

1  customs, and practices of Defendants COLA and Does 1-10 were maintained

2  with a deliberate indifference to individuals' safety and rights; and

3  (g) By failing to properly investigate claims of unlawful detention and

4  excessive force by COLA Sheriff Deputies.

5  67.  By reason of the policies and practices of Defendants COLA and DOES 1-10,

6  including allowing deputies to perform their jobs like gang members, Decedent was

7  severely injured and subjected to pain and suffering and lost his life. The

8  aforementioned policies and practices of Defendants, including the custom, policy

9  and practice of Defendant COLA in allowing its sheriff Deputies to use unjustified,

10  excessive and unreasonable deadly force in shooting unarmed persons who had fired

11  no shots with no punishment for the involved Deputies was a moving force that

12  caused Defendants PEREZ and ROJAS to use unreasonable deadly force on

13  Decedent (who was also unarmed and fired no shots).

14  68.  Defendants COLA and DOES 1-10, together with various other officials,

15  whether named or unnamed, had either actual or constructive knowledge of the

16  deficient policies, practices and customs alleged in the paragraphs above. Despite

17  having knowledge as stated above, these defendants condoned, tolerated and through

18  actions and inactions thereby ratified such policies. Said defendants also acted with

19  deliberate indifference to the foreseeable effects and consequences of these policies

20  with respect to the constitutional rights of Decedent, Plaintiffs, and other individuals

21  similarly situated.

22  69.  By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct

23  and other wrongful acts, Defendants Does 1-10 acted with intentional, reckless, and

24  callous disregard for the life of Decedent and for Decedent's and Plaintiffs'

25  constitutional rights. Furthermore, the policies, practices, and customs implemented,

26  maintained, and still tolerated by Defendants COLA and Does 1-10 were

27

28

affirmatively linked to and were a significantly influential force behind the injuries of Decedent and Plaintiffs.

70.     The actions of each of Defendants Does 1-10 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants Does 1-10.

71.     By reason of the acts and omissions of Defendants COLA and Does 1-10, Plaintiffs were caused to incur damages as stated elsewhere herein.

72.     By reason of the acts and omissions of Defendants COLA and Does 1-10, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

73.     Accordingly, Defendants COLA and Does 1-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

74.     Plaintiffs seek both wrongful death damages and survival damages under this claim. Plaintiffs further claim all of Plaintiffs' attorneys' fees and costs incurred and to be incurred in Plaintiffs presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

A. For compensatory damages, for wrongful death including damages for the loss of Decedent's life-long love, companionship, comfort, care, assistance, protection, affection, society; moral support; and the loss of relationship with Decedent, including loss of society, familial relationship and companionship in an amount according to proof at the time of trial;

B. For compensatory damages, for Survival for the mental, physical and emotional pain and suffering of Decedent in an amount according to proof at the time of trial;

C. For loss of financial support, sustenance and earning capacity in an amount according to proof at the time of trial;

D. For loss of gifts and benefits in an amount according to proof at the time of trial;

E. For punitive damages against the individual defendants in an amount to be proven at trial;

F. For interest;

G. For reasonable costs of this suit and attorneys' fees, including pursuant to 42 U.S.C. § 1988;

H. For all other damages allowed under federal and state law and;

I. For such further other relief as the Court may deem just, proper, and appropriate.

Respectfully Submitted,

Dated: March 21, 2019          GUIZAR, HENDERSON & CARRAZCO

/S/ Humberto Guizar

By _____
HUMBERTO GUIZAR
Attorney for Plaintiffs,
LISA VARGAS

21

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: March 21, 2019                     GUIZAR, HENDERSON & CARRAZCO


                                          /S/ Humberto Guizar
                                   By _____
                                          HUMBERTO GUIZAR
                                          Attorney for Plaintiffs,
                                          LISA VARGAS

Electronically FILED by Superior Court of California, County of Los Angeles on 03/25/2019 01:12 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>— Humberto Guizar, Esq. SBN: 125769<br>GUIZAR, HENDERSON & CARRAZCO, L.L.P.<br>3500 W. Beverly Blvd.<br>Montebello, CA 90640<br>  TELEPHONE NO.: (323) 725-1151    FAX NO.: (323) 597-0101<br>ATTORNEY FOR *(Name):* Plaintiff LISA VARGAS | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
  STREET ADDRESS: 111 North Hill Street
  MAILING ADDRESS: same as above
  CITY AND ZIP CODE: Los Angeles, CA 90012
  BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
LISA VARGAS v. COUNTY OF LOS ANGELES, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>  (Amount      (Amount<br>  demanded    demanded is<br>  exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 19STCV10211 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | [ ] Other collections (09) | [ ] Construction defect (10) |
| Damage/Wrongful Death) Tort | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [✓] Other PI/PD/WD (23) |   condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | Enforcement of Judgment |
| [✓] Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
     issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Six (6)
5. This case [ ] is  [✓] is not · a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 03/18/19
Humberto Guizar
   (TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: LISA VARGAS v. COUNTY OF LOS ANGELES, et al. | CASE NUMBER: 19STCV10211 |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos – Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice – Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☑ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| LACIV 109 (Rev 2/16)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION** | Local Rule 2.3<br>Page 1 of 4 |

| SHORT TITLE: LISA VARGAS v. COUNTY OF LOS ANGELES, et al. | | CASE NUMBER |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons -See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☒ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: | LISA VARGAS v. COUNTY OF LOS ANGELES, et al. | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ – Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: LISA VARGAS v. COUNTY OF LOS ANGELES, et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11. | ADDRESS: Colonia De Las Magnolias |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90022 |  |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq.], and Local Rule 2.3(a)(1)(E)].

Dated: 03/18/19  _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>03/25/2019<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br><br>By: _____ Nancy Alvarez _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>19STCV10211 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Christopher K. Lui | 4A | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 03/26/2019
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Nancy Alvarez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT — UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2018-SJ-007-00

FILED
Superior Court of California
County of Los Angeles

APR 16 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chупо

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES, **CENTRAL DISTRICT** (EFFECTIVE APRIL 16, 2018) | ) CASE NO.:<br>)<br>) STANDING ORDER RE: PERSONAL<br>) INJURY PROCEDURES, CENTRAL<br>) DISTRICT<br>)<br>) |

---

**DEPARTMENT:**      2      3      4      5      7

**FINAL STATUS CONFERENCE ("FSC"):**

- **DATE:** _____ AT 10:00 A.M.

**TRIAL:**

- **DATE:** _____ AT 8:30 A.M.

**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

- **DATE:** _____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

Page 1 of 8

2018-SJ-007-00

1.     To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

> "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition." (Local Rule 2.3(a)(1)(A).)

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

        A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

        A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

        A7260 Product Liability (not asbestos or toxic/environmental)

        A7210 Medical Malpractice – Physicians & Surgeons

        A7240 Medical Malpractice – Other Professional Health Care Malpractice

        A7250 Premises Liability (e.g., slip and fall)

        A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

        A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

///

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1        The Court sets the above dates in this action in the PI Court circled above (Department
2   2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.
3   (C.R.C. Rules 3.714(b)(3), 3.729.)

4   **FILING OF DOCUMENTS**

5   2.    Parties may file documents in person at the filing window on the first floor of the Stanley
6   Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,
7   which is available online at _www.lacourt.org_ (link on homepage). Please note that filings are no
8   longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.
9   Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,
10  legally incompetent person, or person for whom a conservator has been appointed, requests to
11  waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-
12  410), may not be filed via e-Delivery.

13  **SERVICE OF SUMMONS AND COMPLAINT**

14  3.    Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as
15  soon as possible but no later than three years from the date when the complaint is filed.
16  (C.C.P. § 583.210, subd.(a).)  On the OSC re Dismissal date noted above, the PI Court will
17  dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action
18  or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19  4.    The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate
20  service on defendant(s) of the summons and complaint within six months of filing the complaint.

21  5.    The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no
22  party appears for trial.

23  **STIPULATIONS TO CONTINUE TRIAL**

24  6.    Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.
25  § 583.310), the parties may advance or continue any trial date in the PI Courts without showing
26  good cause or articulating any reason or justification for the change.  To continue or advance a
27  trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing
28  window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1   required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form

2   LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts

3   schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to

4   continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC

5   date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight

6   court days before the proposed advanced FSC date. (C.C.P. § 595.2; Govt. Code § 70617, subd.

7   (c)(2).) In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday

8   following a court holiday. Parties may submit a maximum of two stipulations to continue trial,

9   for a total continuance of six months. Subsequent requests to continue trial will be granted upon

10  a showing of good cause by noticed motion. This rule is retroactive so that any previously

11  granted stipulation to continue trial will count toward the maximum number of allowed

12  continuances.

13  **NO CASE MANAGEMENT CONFERENCES**

14  7.      The PI Courts do not conduct Case Management Conferences. The parties need not file

15  a Case Management Statement.

16  **LAW AND MOTION**

17  8.      Any documents with declarations and/or exhibits must be tabbed. (C.R.C. Rule

18  3.1110(f).) All depositions excerpts referenced in briefs must be marked on the transcripts

19  attached as exhibits. (C.R.C. Rule 3.1116(c).)

20  **CHAMBERS COPIES REQUIRED**

21  9.      In addition to filing original motion papers at the filing window on the first floor of the

22  Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to

23  the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers

24  Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a

25  hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and

26  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

27  or more three-ring binders organizing the chambers copy behind tabs.

28  ///

2018-SJ-007-00

**RESERVATION HEARING DATE**

10.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).  After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**DISCOVERY MOTIONS**

12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person.  The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.     Parties <u>must</u> participate in an IDC <u>before</u> a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope. Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an

Page 5 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1   IDC.

2        If parties do not stipulate to extend the deadlines, the moving party may file the motion
3 to avoid it being deemed untimely.   However, the IDC must take place before the motion is
4 heard so it is suggested that the moving party reserve a date for the motion hearing that is at least
5 60 days after the date when the IDC reservation is made. Motions to Compel Further Discovery
6 Responses are heard at 10:00 a.m. If the IDC is not productive, the moving party may advance
7 the hearing on a Motion to Compel Further Discovery Responses on any available hearing date
8 that complies with the notice requirements of the Code of Civil Procedure.

9   14.    Parties are directed to reserve IDC dates in the PI Courts using CRS available online at
10 www.lacourt.org (link on homepage). Parties are to meet and confer regarding the available
11 dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation
12 requestor must file in the appropriate department and serve an Informal Discovery Conference
13 Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days
14 prior to the conference and attach the CRS reservation receipt as the last page.  The opposing
15 party may file and serve a responsive IDC form, briefly setting forth that party's response, at
16 least 10 court days prior to the IDC.

17   15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to
18 resolve other types of discovery disputes.

19   **EX PARTE APPLICATIONS**

20   16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a
21 showing, by admissible evidence, that the moving party will suffer "irreparable harm,"
22 "immediate danger," or where the moving party identifies "a statutory basis for granting relief
23 ex parte." (C.R.C. Rule 3.1202(c).) The PI Courts have no capacity to hear multiple *ex parte*
24 applications or to shorten time to add hearings to their fully booked motion calendars. The PI
25 Courts do not regard the Court's unavailability for timely motion hearings as an "immediate
26 danger" or threat of "irreparable harm" justifying *ex parte* relief. Instead of seeking *ex parte*
27 relief, the moving party should reserve the earliest available motion hearing date (even if it is
28 after the scheduled trial date) and should file a motion to continue trial. Parties should also check

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1  the Court Reservation System from time to time because earlier hearing dates may become
2  available as cases settle or hearings are taken off calendar.

3  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4  17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")
5  Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.
6  mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury
7  Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under
8  the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a
9  "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether
10 a personal injury case is "complicated" the PI Courts will consider, among other things, the
11 number of pretrial hearings or the complexity of issues presented.

12 18.    Parties opposing a motion to transfer have five court days to file (at the filing window
13 on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition
14 (using the same LACIV 238 Motion to Transfer form).

15 19.    The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.
16 Although the parties may stipulate to transfer a case to an Independent Calendar Department, the
17 PI Courts will make an independent determination whether to transfer the case or not.

18 **FINAL STATUS CONFERENCE**

19 20.    Parties shall comply with the requirements of the PI Courts' "First Amended Standing
20 Order Re Final Status Conference," which shall be served with the summons and complaint.

21 **JURY FEES**

22 21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial
23 complaint. (C. C. P. § 631, subds. (b) and (c).)

24 **JURY TRIALS**

25 22.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the
26 Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One
27 will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal
28 Courtrooms.

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1  **SANCTIONS**

2  23.     The Court has discretion to impose sanctions for any violation of this general order.

3  (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

4

5

6  Dated: *April 16, 2018*                    *Debre K Weintraub*

7                                             Debre K. Weintraub

8                                             Supervising Judge of Civil Courts
                                              Los Angeles Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 8 of 8



2018-SJ-006-00

**FILED**
Superior Court of California
County of Los Angeles

**APR 16 2018**

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Stephanie Chung

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES -- CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned To the Personal Injury Courts (Departments 2, 3, 4, 5 and 7 of the Spring Street Courthouse) | FIRST AMENDED STANDING ORDER – RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective as of April 16, 2018) |

The dates for Trial and Final Status Conference ("FSC") having been set in this matter, the Court **HEREBY AMENDS AND SUPERSEDES ITS JANUARY 2, 2018 STANDING ORDER--RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

1.    PURPOSE OF THE FSC

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

Page 1 of 5

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

2.    **TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file (in Room 102 of the Stanley Mosk Courthouse or by e-Delivery) the following Trial Readiness Documents:

A.    **TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may file, but is not required to file, a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

B.    **MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

C.    **JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury. Local Rule 3.25(g)(4).

D.    **JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses in alphabetical order by last name that each party intends to call (excluding impeachment and rebuttal witnesses). Local Rule 3.25(g)(5). The joint witness list shall identify each witness by name, specify which witnesses are experts, and estimate the length of the direct, cross examination and re-direct examination (if any) of each witness. The

1  parties/counsel shall identify all potential witness scheduling issues and special

2  requirements. Any party/counsel who seeks to elicit testimony from a witness not identified

3  on the witness list must first make a showing of good cause to the trial court.

4       E.    LIST OF PROPOSED JURY INSTRUCTIONS

5             (JOINT AND CONTESTED)

6             The parties/counsel shall jointly prepare and file a list of proposed jury

7  instructions, organized in numerical order, specifying the instructions upon which all sides

8  agree and the contested instructions, if any. The List of Proposed Jury Instructions must

9  include a space by each instruction for the judge to indicate whether the instruction was

10  given.

11      F.    JURY INSTRUCTIONS

12            (JOINT AND CONTESTED)

13            The parties/counsel shall prepare a complete set of full-text proposed jury

14  instructions, editing all proposed California Civil Jury Instructions ("CACI") and insert party

15  name(s) and eliminate blanks and irrelevant material. The parties/counsel shall prepare

16  special instructions in a format ready for submission to the jury with the instruction number,

17  title, and text only (i.e., there should be no boxes or other indication on the printed

18  instruction itself as to the requesting party).

19      G.    JOINT VERDICT FORM(S)

20            The parties/counsel shall prepare and jointly file a proposed general verdict

21  form or special verdict form (with interrogatories) acceptable to all sides. Local Rule

22  3.25(g)(8). If the parties/counsel cannot agree on a joint verdict form, each party must

23  separately file a proposed verdict form.

24      H.    JOINT EXHIBIT LIST

25            The parties/counsel shall prepare and file a joint exhibit list organized with

26  columns identifying each exhibit and specifying each party's evidentiary objections, if any, to

27  admission of each exhibit. The parties/counsel shall meet and confer in an effort to resolve

28  objections to the admissibility of each exhibit.

I.   **PAGE AND LINE DESIGNATION FOR**

**DEPOSITION AND FORMER TESTIMONY**

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following: 1) the line and page designations of the deposition or former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto, and 5) the Court's ruling.

3.   **EVIDENTIARY EXHIBITS**

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses). The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder. If the parties have a joint signed exhibit list and electronic copies of their respective exhibits, then the parties/counsel will not be required to produce exhibit binders at the FSC. However, the exhibit binders may be required by the assigned trial judge when the trial commences. In the absence of either a joint signed exhibit list or electronic copies, exhibit binders will be required by all parties/counsel at the FSC.

4.   **TRIAL BINDERS REQUIRED IN THE PI COURTS**

The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the following for inspection at the FSC) the Trial Documents consisting of conformed copies, tabbed and organized into three-ring binders with a table of contents that includes the following:

| | |
|---|---|
| Tab A: | Trial Briefs (Optional) |
| Tab B: | Motions in Limine |
| Tab C: | Joint Statement to Be Read to the Jury |
| Tab D: | Joint Witness List |

///

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

1    Tab E:      Joint List of Jury Instructions (identifying the agreed upon and

2    contested instructions)

3        Tab F:      Joint and Contested Jury Instructions

4        Tab G:      Joint and/or Contested Verdict Form(s)

5        Tab H:      Joint Exhibit List

6        Tab I:      Joint Chart of Page and Line Designation(s) for Deposition and Former

7    Testimony

8        Tab J:      Copies of the Current Operative Pleadings (including the operative

9    complaint, answer, cross-complaint, if any, and answer to any cross-complaint).

10       The parties/counsel shall organize motions in limine (tabbed in numerical order)

11   behind Tab B with the opposition papers and reply papers for each motion placed directly

12   behind the moving papers.  The parties shall organize proposed jury instructions behind

13   Tab F, with the agreed upon instructions first in order followed by the contested instructions

14   (including special instructions) submitted by each side.

15       5.      **FAILURE TO COMPLY WITH FSC OBLIGATIONS**

16       The court has discretion to require any party/counsel who fails or refuses to comply

17   with this Amended Standing Order to show cause why the Court should not impose

18   monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking

19   of an answer).

20

21

22   Dated: *April 16, 2018*            *Debre K Weintraub*

23                                      Debre K. Weintraub

24                                      Supervising Judge, Civil
                                        Los Angeles Superior Court

25

26

27

28

Page 5 of 5

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)



## Superior Court of California, County of Los Angeles

### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   Mediation may not be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC1

**How to arrange mediation in Los Angeles County**
Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a.   **The Civil Mediation Vendor Resource List**
     Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or
     free (for selected cases) mediation in person or with ODR (by phone or online).

     o   JAMS, Inc.: Case Manager (213) 253-9776, mdawson@jamsadr.com
     o   Mediation Center of Los Angeles: Case Manager: (833) 476-9145, info@mediationLA.org

     These organizations cannot accept every case and they may decline cases at their discretion.
     Visit www.lacourt.org/ADRRes.List for important information and FAQs before contacting them.
     NOTE: This service is not available for family law, probate or small claims.

b.   **Los Angeles County Dispute Resolution Programs**
     https://wdacs.lacounty.gov/programs/drp/
     o   Free, day-of-trial mediations at the courthouse for small claims, unlawful detainers (evictions)
         and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
     o   Free or low-cost mediations before the day of trial for these and other case types.
     o   For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the
         day of trial, visit,
         http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf.

c.   Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.   **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  http://www.courts.ca.gov/programs-adr.htm

4.   **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website:  www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm