Humberto M. Guizar, Esq., (SBN 125769)
**GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
3500 W. Beverly Blvd.
Montebello, California 90640
Tel: (323) 725-1151
Fax: (323) 597-0101

Attorneys for Plaintiff,
LISA VARGAS

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

LISA VARGAS,

        Plaintiff,

    v.

COUNTY OF LOS ANGELES,
COUNTY OF LOS ANGELES,
NIKOLIS PEREZ, and JONATHAN
ROJAS

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO.: 2:19-cv-03279-PSG (ASx)**
Hon: Philip S. Gutierrez
United States District Judge

**<u>DISCOVERY MATTER</u>**

**DECLARATION OF HUMBERTO GUIZAR IN SUPPORT OF JOINT DISCOVERY MOTION TO COMPEL DEFENDANT COUNTY OF LOS ANGELES TO PRODUCE THE PROPER PMK REGARDING THE BANDITOS & REQUEST FOR MONETARY SANCTIONS**

Date: September 1, 2020
Time: 10:00 am
Crtrm: 540

## <u>DECLARATION OF HUMBERTO GUIZAR</u>

I, Humberto Guizar, declare as follows:

1.     I am an attorney duly licensed to practice law before all courts in the state of California and am a partner in Guizar, Henderson & Carrazco, attorneys for the Plaintiff Lisa Vargas.

2.     I make the following declaration of facts based on my personal knowledge and, if called, can testify competently thereto. The following statements are true and correct.

3.     I am duly licensed to practice law in all courts within the jurisdiction of California. I am also licensed to practice before the United States Supreme Court. I am a partner in Guizar, Henderson & Carrazco, Attorneys for Plaintiff, Lisa Vargas. I am also one the four founders of Justice X. Justice X are a coalition of black and brown civil rights lawyers. We advocate for systemic equality.

4.     On July 6, 2020 I timely served defendant County of Los Angeles with a notice of taking videotaped deposition of the person most knowledgeable from the los Angeles county Sheriff's Department regarding the deputy gangs and the Banditos gang operating out of the East Los Angeles station, and Request for Production of Documents. The deposition was set for August 6, 2020.

5.     On August 6, 2020 the defendant County of Los Angeles produced Sergeant Paul Valle, who is an investigator from the Internal Affairs Bureau of the LA County Sheriff's Department. This witness was limited in knowledge regarding the Banditos. He had no knowledge regarding the Banditos and the investigation of the Banditos for alleged gang activity that took place in September of 2018 at a hall. Furthermore, this witness has no knowledge of the Banditos until he began his investigation in March of 2020. This was four (4) months prior to his scheduled deposition. The shooting of Anthony Vargas occurred on August 12, 2018. Sgt Valle had no knowledge of the Banditos until March 2020.

6.     On August 6, 2020 I sent defense counsel, Antonio Kizzie a meet and confer letter under Local Rule 37.1. After meeting and conferring the parties were unable to reach an informal resolution of the dispute.

7.     On August 12, 2020 I met and conferred with defense counsel. Instead of trying to work out a resolution defense threatened to pursue sanctions if I file a motion to compel.

**DECLARATION OF HUMBERTO GUIZAR IN SUPPORT OF MOTION TO COMPEL**

8.     Although Sgt. Valle testified in a professional manner, he did not have the requisite knowledge of the Banditos to provide any meaningful testimony.

9.     In my entire 35 years of practicing law I never had a lawyer "sandbag" me in the manner defense counsel did. He obviously produced a witness that could not offer any meaningful testimony regarding the banditos gang.

10.     The production of an improper PMK was extremely prejudicial,  a waste of time and caused me a unreasonable expense for a court reporter.

11.     Attached hereto as Exhibit [A] is a true and correct copy of the meet and confer I sent to opposing counsel on August 6, 2020 regarding this discovery dispute.

12.     Attached hereto as Exhibit [B] is a true and correct copy of Docket 40 which contains the discovery cut-off date.

13.     Attached hereto as Exhibit [C] is a true and correct copy of the operative complaint in this matter. (Dkt. 28).

14.     Attached hereto as Exhibit [D] is a true and correct link to the press conference held on August 13, 2020 by the Los Angeles County Sheriff's Department regarding the Kennedy Hall Incident. Attached as Exhibit [D] is also a true and correct copy of an LA Times Article regarding the press conference and the Kennedy Hall Incident.

15.     Attached hereto as Exhibit [E] is a true and correct copy of an April 30, 2019 motion by Los Angeles County Supervisor Sheila Kuehl regarding deputy gangs. Attached hereto as Exhibit [E] is also a July 15, 2019 report by Bianca Torres Murray titled "A History of Deputy Gangs in the Los Angeles County Sheriff's Department."

16.     Attached hereto as Exhibit [F] are true and correct transcript excerpts from Sergeant Paul Valle's deposition.

17.     I offered defense counsel, Antonio Kizzie that I would not seek sanctions against him his firm and the defendants if they would simply produce the proper PMK. His response was flippant, and as he threatened me he would seek

**DECLARATION OF HUMBERTO GUIZAR IN SUPPORT OF MOTION TO COMPEL**

1  sanctions against me if I filed a motion to compel.

2      18.    Because of defendants continuing obstructive actions Plaintiff has been

3  forced to file numerous motions and engage in unnecessary protracted litigation.

4      19.    I expended 10 hours in preparing and drafting the necessary

5  documentation to compel defendants to produce a proper PMK. I expended  2  hours

6  reviewing the discovery and excerpting pages to be used as an exhibit; 2 hours

7  reviewing the case file, 2 hours reviewing the correspondence in this case to establish

8  sufficient meet and confer history on the subject; I expended 3 hours in taking the

9  deposition of Sgt. Valle.  The total hours I have incurred to date in this discovery

10  dispute is 19 hours.

11      20.    I have been working as a civil rights trial lawyer for 33 years. I have

12  handled such cases from inception to trial.  The reasonable rate for an attorney with

13  my skill set and experience is  $750.00 per hour. I am therefore requesting attorney's

14  fees incurred in bringing the motion to compel in the amount of $14,250.00.

15      21.    I also unnecessarily incurred $2,395.30 in the costs of the court reporter

16  and videographer, which I am requesting the court to order defense counsel to pay in

17  full.

18      22.    Accordingly, I am requesting $16,643.30 in sanctions against Defendant

19  and their counsel for necessitating this motion.

20      I declare under penalty of perjury under the laws of the State of California that

21  the forgoing is true and correct.

22      Executed this August 17, 2020, at Montebello, California.

23

24      */s/ Humberto Guizar*

25      Humberto Guizar

26

27

28

4

**DECLARATION OF HUMBERTO GUIZAR IN SUPPORT OF MOTION TO COMPEL**