| | |
|---|---|
| 1 | **RICKEY IVIE (S.B.N.: 76864)** |
| | *rivie@imwlaw.com* |
| 2 | **ANTONIO KIZZIE (S.B.N.: 279719)** |
| | *akizzie@imwlaw.com* |
| 3 | **JACK ALTURA (S.B.N.: 297314)** |
| | *jaltura@imwlaw.com* |
| 4 | **IVIE McNEILL WYATT PURCELL & DIGGS, APLC** |
| | 444 S. Flower Street, 18th Floor |
| 5 | Los Angeles, CA 90017-2919 |
| | (213) 489-0028; Fax (213) 489-0552 |
| 6 | |
| | Attorneys for Defendants, County of Los Angeles, et.al. |

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA VARGAS, | CASE NO.: 2:19-cv-03279-PSG (ASx) |
| Plaintiff, | |
| | Honorable Alka Sagar, Magistrate Judge |
| v. | |
| | **DISCOVERY MATTER** |
| COUNTY OF LOS ANGELES, NIKOLIS PEREZ, and JONATHAN ROJAS | **DECLARATION OF ANTONIO K. KIZZIE IN SUPPORT OF DEFENDANTS' OPPOSITION TO JOINT DISCOVERY MOTION TO COMPEL TO COMPEL DEFENDANT COUNTY OF LOS ANGELES TO PROPER PMK REGARDING THE BANDITOS & REQUEST FOR MONETARY SANCTIONS** |
| Defendants. | |

## DECLARATION OF ANTONIO K. KIZZIE

**I, ANTONIO K. KIZZIE, declare and state as follows:**

1. I am an attorney at law duly licensed and admitted to practice before all courts of the State of California, in the United States District Court for the Central, Northern, Eastern and Southern Districts of California, United States District Court

1
**DECLARATION OF ANTONIO K. KIZZIE**

of Colorado, the District of Columbia Court of Appeals, the United States District Court for the District of Columbia, and the United States Supreme Court. I am a senior associate with the law firm of Ivie McNeill Wyatt Purcell and Diggs, APLC attorneys of record for Defendants COUNTY OF LOS ANGELES, et.al. in this case. The foregoing facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2. This declaration is made in support of Defendants' opposition to **JOINT DISCOVERY MOTION TO COMPEL TO COMPEL DEFENDANT COUNTY OF LOS ANGELES TO PROPER PMK REGARDING THE BANDITOS & REQUEST FOR MONETARY SANCTIONS**

3. A true and correct copy of the video of Sgt. Paul Valle's Deposition has been lodged with this Court as **Exhibit G.**

4. A true and correct copy of the Declaration of Sgt. Paul Valle is attached hereto as **Exhibit H.**

5. A true and correct copy of the Deposition of Sgt. Paul Valle is attached hereto as **Exhibit I,** collectively.

6. A true and correct copy of my correspondence dated June 12, 2020 is attached hereto as **Exhibit J.**

7. A true and correct copy of Plaintiff's Notice of Taking Videotaped Deposition of the Person Most Knowledgeable from the Los Angeles County Sheriff's Department Regarding the Deputy Gangs and the Banditos Gang operating Out of the East Los Angeles Station and Request for Production of Documents is attached hereto as **Exhibit K.**

8. A true and correct copy of Plaintiff's First Amended Complaint for Damages is attached hereto as **Exhibit L.**

9. A true and correct copy of relevant excerpts of the Deposition of Deputy Nikolis Perez are attached hereto as **Exhibit M,** collectively.

2
**DECLARATION OF ANTONIO K. KIZZIE**

10. A true and correct copy of relevant excerpts of the Deposition of Plaintiff Lisa Vargas are attached hereto as **Exhibit N,** collectively.

11. A true and correct copy of relevant excerpts of the Deposition of Deputy Richard Mejia are attached hereto as **Exhibit O,** collectively.

12. A true and correct copy of our Cease and Desist Letter dated June 1, 2020 to Mr. Humberto Guizar and a copy of my firm partner's May 28, 2020 Facebook Post with Mr. Humberto Guizar's comment is attached hereto as **Exhibit P.**

13. A true and correct copy of Mr. Humberto Guizar's August 6, 2020 email to me attaching a lawsuit filed against my firm partner Rodney Diggs is attached hereto as **Exhibit Q.**

14. A true and correct copy of my August 18, 2020 email to Mr. Humberto Guizar's regarding and warning against Mr. Guizar's threat during our August 18, 2020 teleconference to hold a press conference solely to state the my firm and I personally "represent killer cops" is attached hereto as **Exhibit R.**

15. A true and correct copy of this Court's Orders set forth in Dockets 53, 54, 61, and 68 are attached hereto as **Exhibit S, collectively.**

16. A true and correct copy of my May 8, 2020 email to Mr. Humberto Guizar regarding Mr. Guizar's allegation of malfeasance against my secretary, Ms. Martha Carrillo, is attached hereto as **Exhibit U.**

17. I graduated *magna cum laude* from Howard University in May, 2008, and UCLA School of Law in May, 2011. I was admitted to practice in the State of California in December, 2011. From July 2011 to April 2012, I served as a volunteer city attorney with the Los Angeles City Attorney's Office, Metropolitan Division, where I served as lead prosecutor in three (3) DUI criminal trials to verdict.

18. I joined the firm as an associate in April, 2012. From the time I started with the firm, I have devoted a significant portion of my time to civil rights law

enforcement litigation, and have served as lead plaintiff or defense counsel on dozens, nearly one-hundred, civil rights cases involving claims of 42 U.S.C. § 1983 excessive force, 42 U.S.C. § 1983 unlawful search and seizure/arrest, wrongful death, negligence, *Monell*, battery, assault, etc.

19. Unlike most senior associate attorneys, I have served as lead trial counsel in nine (9) civil jury trials to verdict in both state and federal courts: *Ken Sheppard v. COLA, et.al.* CV12-2392 CBM (PJWx) (42 U.S.C. § 1983-excessive force); *J. Isom v. City of Los Angeles, et.al.*- Case No. CV14-8826 AB (AJW) (42 U.S.C. § 1983-excessive force); *C. Parker v. City of Los Angeles*, et.al.- Case No.: 2:15-cv-4670 (42 U.S.C. § 1983-excessive force); *Ken Sheppard v. COLA, et.al.* Case No. 2:15-CV-2920 SJO (JCx) (42 U.S.C. § 1983-excessive force); *M. Reese v. VVUHSD* Case No. CIVDS1418572 (negligence); *T. Tekoh v. COLA, et.al.* Case No. 2:16-cv-07297-GW (SKx) (42 U.S.C. § 1983-false arrest, fabrication of evidence); *T. Tekoh v. COLA, et.al.* Case No. 2:16-cv-07297-GW (SKx) (2nd Trial) (42 U.S.C. § 1983-false arrest, fabrication of evidence); *N. Robertson v. COLA, et.al.* Case No. 16-CV-02761 MJP (SKx) (42 U.S.C. § 1983-excessive force/wrongful death); and *Allen B. Shay v. County of Los Angeles, et.al.* CAS (RAOx) Case No. 2:15-cv-4607 resulting in five (5) favorable defense verdicts, one (1) significantly favorable partial defense verdict on all but one (1) claim, and three (3) unfavorable plaintiff verdicts.

20. In addition, I have served as lead counsel in several 42 U.S.C. § 1983 cases resulting in summary judgment or terminating sanctions granted in my clients' favor: *Allen Shay v. County of Los Angeles, et.al.* Case No. 2:15-cv-4607-CAS (RAOx) (Dkt. 55- favorable defense summary judgment granted in 42 U.S.C. § 1983 unlawful arrest, fabrication, etc.), *Estate of Darrell Logan, Jr. v. County of Los Angeles, et. al.* CASE NO.: BC483585 (favorable defense summary judgment granted in 42 U.S.C. § 1983 excessive force/wrongful death case); *Ok Jin Yun vs. City of Los Angeles, et.al.* Case No.: 2:16-cv-05468-SVW-KS (Dkt. 85 favorable

4
**DECLARATION OF ANTONIO K. KIZZIE**

plaintiff summary judgment granted in 42 U.S.C. § 1983 excessive force, unlawful search, unlawful search case resulting in a $300,000 settlement); *Michael Judge vs. County of Los Angeles, et.al*. CASE NO.: 2:18-cv-02181 JFW (RAOx) (Dkt. 66- favorable defense summary judgment granted in 42 U.S.C. § 1983 excessive force/battery/negligence case); *Macario Garcia v. County of Los Angeles, et.al. Case No.* CIV-14-07634 AB (PLAx) (Dkt. 125- Motion for terminating sanctions granted).

21. On October 14, 2017, the Honorable Andre Birotte, Jr. awarded me a reasonable hourly minimum rate of $425.00. M*acario Garcia v. County of Los Angeles, et.al*. Case No. CIV-14-07634 AB (PLAx) (Dkt. 127- Judgment Imposing Terminating and Monetary Sanctions). A true and correct copy of Judge Birotte's order is attached hereto as **Exhibit V**.

22. Since the Honorable Judge Birotte's order, I have been admitted to the United States District Court of Colorado (where I presently serve as lead Defendants' counsel in the matter of *Otimo Music, Inc. v. Royalty Exchange, et.al*. Case No. 1:18-cv-00006-REB/MJW), the District of Columbia Court of Appeals, and the United States District Court for the District of Columbia.

23. I have and served or am presently serving as lead appellate counsel in five (5) cases presently before the United States Ninth Circuit Court of Appeals, where I have argued before the Ninth Circuit three (3) times: *T. Tekoh v. County of Los Angeles, et.al*. Ninth Circuit Case No. 18-56414; *A. Shay v County of Los Angeles*, et.al. Ninth Circuit Case No. 17-55918 (1st Appeal); *A. Shay v County of Los Angeles*, et.al. Ninth Circuit Case No. 19-56482 (2nd Appeal); *M. Judge v. County of Los Angeles*, et.al. Ninth Circuit Case No. 15-55240; *K. Sheppard v. County of Los Angeles*, et.al. Ninth Circuit Case No. 16-56622.

24. I have also served as co-counsel and argued before the Supreme Court of the State of California in the matter of *Fannie Marie Gaines v. Joshua Tornberg, et.al*. Supreme Court Case No. S215990, Superior Court Case No. BC361768.

25. In July, 2015, I was honored to be selected by the National Bar Association as one of the 2015 Nation's Best Advocates: Top 40 Lawyers Under 40. Since 2009, I have served with the Langston Bar Association as a member or Board Member, was awarded the Langston Bar Association Law Student Scholarship in 2010, and 2011, received the President's Award for Service in 2014, again in 2016, and in September, 2015 received a Service Appreciation Award from the City of Compton for my leadership in creating and executing the first John M. Langston Bar Association "Know Your Rights" Panel and Legal Clinic in Compton, CA.

26. It is based on my aforementioned unique and rare skillset, qualifications, experience, and significant effort needed in prosecuting this case, the results obtained in this and the aforementioned jury trials, and my expertise in 42 U.S.C. § 1983 civil rights cases that my requested contingency fee hourly rate of $595.00/hour is both reasonable and appropriate.

27. My time preparing for this motion included: Seven (7) hours drafting, editing and finalizing Defendant's opposition to this motion, one (1) hour conducting legal research on the various issues to oppose Plaintiff's motion, one (1) hour drafting my declaration, one (1) hour drafting Sgt. Paul Valle's Declaration, and one (1) hour gathering and organizing Defendants' exhibits in support of Defendants' motion. I anticipate it will take approximately one (1) hour to appear for hearing on this motion.

28. Accordingly, the total hours I have incurred or expect to incur to date regarding this motion and discovery dispute is twelve (12) hours, nearly all of which could have been saved if Plaintiff's counsel had not engaged in the misconduct complained of herein. Accordingly, I hereby request attorney's fees incurred in opposing this motion to compel in the amount of $7,140.00.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This Declaration was executed on August 24, 2020 in Los Angeles, California.

1 | */s/ Antonio K. Kizzie*
2 | **ANTONIO K. KIZZIE,**
3 | **Declarant**