O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LISA VARGAS,

                Lisa Vargas,

    v.

COUNTY OF LOS ANGELES, et al.,

                Defendants.

Case No.:  2:19-cv-03279-MEMF-(ASx)

**ORDER ON DEFENDANTS' MOTIONS *IN LIMINE* [ECF NOS. 253–61, 265, 270] AND PLAINTIFF LISA VARGAS'S MOTIONS *IN LIMINE* [ECF NOS. 262–64, 266–69]**

Before the Court are twelve (12) motions *in limine* filed by Defendants County of Los Angeles, Nikolis Perez, and Jonathan Rojas (ECF Nos. 253–61, 265, 270) and seven (7) motions *in limine* filed by Plaintiff Lisa Vargas (ECF Nos. 262–64, 266–69). For the reasons stated herein, the Court GRANTS the motions in part.

/ / /

/ / /

1

## I.    Factual Background

This case concerns a deputy-involved shooting, in which Anthony Vargas ("Anthony Vargas"), Plaintiff Lisa Vargas's son, was killed by Defendants Nikolis Perez and Jonathan Rojas ("Deputy Defendants"). ECF No. 159 ("MSJ Order") at 2. On August 28, 2018, the Deputy Defendants responded to a 911 call reporting an armed robbery that had just occurred. *Id.* When the Deputy Defendants arrived on the scene, a struggle between Anthony Vargas and the Deputy Defendants ensued and the Deputy Defendants subsequently shot Anthony Vargas sixteen times. *Id.* at 2–3.

## II.    Procedural History

On March 25, 2019, Plaintiff Lisa Vargas ("Lisa Vargas") filed a complaint against Defendants County of Los Angeles, Nikolis Perez, and Jonathan Rojas (collectively, the "Defendants") in Los Angeles Superior Court. On April 24, 2019, Defendants removed this case to the Central District of California. ECF No. 1. On August 19, 2019, Lisa Vargas filed a First Amended Complaint alleging six causes of action: (1) battery; (2) negligence; (3) violation of the Bane Act, Cal. Civ. Code § 52.1; (4) unreasonable search and seizure, 42 U.S.C. § 1983; (5) violation of substantive due process, 42 U.S.C. § 1983; (6) municipal liability for unconstitutional custom, practice, or policy, 42 U.S.C. § 1983. ECF No. 28 ("First Amended Complaint").

On October 12, 2022, Defendants filed twelve (12) motions *in limine* (ECF Nos. 253–61, 265, 270) and Lisa Vargas filed seven (7) motions *in limine* (ECF Nos. 262–64, 266–69). The motions were fully briefed on October 26, 2022. The Court held oral argument on the motions at the Final Pretrial Conference ("FPTC") on November 16, 2022. In advance of the FPTC, the Court provided the parties with a tentative so they would be prepared to address any issues at the FPTC. This Order is largely consistent with the tentative. At the FPTC, the parties submitted to all of the Court's tentative findings with the exception of Defendants' Motion *in limine* No. 1 (ECF No. 253). After considering the parties' oral arguments, the Court ordered the parties to submit supplemental briefing on this single motion, which they did. ECF No. 308, 310, 315.

/ / /

/ / /

### III. __Applicable Law__

#### A. Motions *in limine*

A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party files a motion *in limine* to exclude anticipated prejudicial evidence before the evidence is introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *Id.* at 41 n.4 (citation omitted). Regardless of a court's initial decision on a motion *in limine*, it may revisit the issue at trial. *Id.* at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

#### B. Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26(a)(1) provides that a:

party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information ... that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

. . .

(iii) a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . .

Rule 26(e)(i) imposes a duty on parties to supplement their Rule 26(a) disclosures if the party learns that its disclosures are incomplete or incorrect. Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). However, the Court provides two exceptions for when the information may still be introduced: if the parties' failure to disclose the required information is substantially justified or harmless. *Id.* (citing Fed. R. Civ. P. 37(c)(1)).

"Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." *Yeti*, 259 F.3d at 1107.

Federal Rule of Civil Procedure 26(a)(1)(A) requires parties to provide initial disclosures to the opposing parties without awaiting a discovery request. The initial disclosures must include a computation of each category of damages claimed by the disclosing party. Fed. R. Civ. P. 26(a)(1)(A)(iii).

While Rule 26 generally requires a party to provide a computation of such damages, emotional damages, because of their vague and unspecific nature, are oftentimes not readily amenable to computation. *See Williams v. Trader Publishing Co.*, 218 F.3d 481, 486 n. 3 (5th Cir.2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C).")

**C.  Federal Rule of Civil Procedure 42(b)**

Federal Rule of Civil Procedure 42(b) gives district courts broad discretion to bifurcate a trial. *Zivkovic v. Southern California Edison*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("Rule 42(b) of the Federal Rules of Civil Procedure confers broad discretion upon the district court to bifurcate trial"); *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016) ("[The Ninth Circuit] usually affirm[s] a trial judge's decision—to either bifurcate or keep things together—as within her discretion"); *Hangarter v. Provident Life and Accident Ins. Co.,* 373 F.3d 998, 1021 (9th Cir. 2004) ("Rule 42(b) [] confers broad discretion upon the district court to bifurcate trial" and is "accordingly reviewed for abuse of discretion").  Fed. R. Civ. P. 42(b) provides in relevant part: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one of more separate issues, claims, crossclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Some factors that may be considered by the Court on a motion to bifurcate include:

> (1) Whether separate trials would be in furtherance of convenience; (2) whether separate trials would avoid prejudice; (3) whether separate trials would be conducive to expedition and economy; (4) whether separate trials would simplify the issues for the jury and reduce the danger of unnecessary confusion; and (5) whether the issues are clearly separable.

4

Robert E. Jones et al., *Rutter Group Prac. Guide Fed. Civ. Trials & Ev.* ¶ 4:492 (2022).

In Section 1983 actions involving police shootings, courts should bifurcate liability issues from damages issues where there is evidence that might prejudice a party and that evidence has little to no relevance to the liability issue.[1] *See Estate of Diaz*, 840 F.3d at 601–03 (holding that the district court had abused its discretion by not bifurcating liability issues from damages issues and thereby allowing "graphic and prejudicial evidence about the victim" which had "little and in large part no relevance to the liability issue").

### D. Federal Rules of Evidence 401 and 402

Federal Rule of Evidence 402 explicitly prohibits the inclusion of "irrelevant" evidence. Fed. R. Evid. 402. Federal Rule of Evidence 401 prescribes what evidence qualifies as relevant. Fed. R. Evid. 401. It provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Id.* 401(a)–(b); *see also Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019) ("Deciding whether a fact is of consequence in determining the action generally requires considering the substantive issues the case presents." (internal quotation marks omitted)). Courts have recognized that Rule 401's "basic standard of relevance . . . is a liberal one." *Crawford*, 944 F.3d at 1077.

### E. Federal Rule of Evidence 403

Federal Rule of Evidence 403 dictates that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." District courts have broad discretion in assessing admissibility under Rule 403. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 US 379, 384 (2008) (finding "wide discretion" necessary because Rule 403 "requires an on-the-spot balancing of probative value and prejudice, potentially to exclude . . . evidence that already has been found to be factually relevant")

---

[1] The Ninth Circuit clarified that this is not a rule that requires courts to always, usually, or frequently bifurcate damages from liability. This rule should be applied when the court is presented with a situation similar to the one *Estate of Diaz. Estate of Diaz,* 840 F.3d at 603.

(internal quotes omitted); *see also Hardeman v. Monsanto Co.*, 997 F.3d 941, 967 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 2834 (2022) ("A district court's Rule 403 determination is subject to great deference, because the considerations arising under Rule 403 are susceptible only to case-by-case determinations, requiring examination of the surrounding facts, circumstances, and issues.").

### F.   Federal Rule of Evidence 607

Federal Rule of Evidence 607 provides that "[a]ny party, including the party that called the witness, may attack the witness's credibility." FED. R. EVID. 607. Despite this broad coverage, impeachment evidence may *only* be used for impeachment. *United States v. Johnson*, 802 F.2d 1459, 1466 (D.C. Cir. 1986). It cannot be used as a way to present otherwise inadmissible evidence to the jury. *Id.*

### G.   Federal Rule of Evidence 608

Federal Rule of Evidence 608(b) allows for specific instances of dishonest conduct to be "inquired into [on cross-examination] . . . if they are probative of the character for truthfulness or untruthfulness" of the witness. Rule 608(b) operates in conjunction with Rule 403, meaning that as long as the conduct in question tends to show the witness's character for untruthfulness, said conduct may be raised on cross-examination subject to Rule 403's requisite balancing test. *See United States v. Olsen*, 704 F.3d 1172, 1184 n.4 (9th Cir. 2013) ("Rule 608(b) of the Federal Rules of Evidence authorizes courts to permit inquiry into specific instances of conduct during cross-examination if they are probative of the character for untruthfulness of the witness—subject, of course, to the balancing analysis of Rule 403.").

### H.   Federal Rule of Evidence 609

Federal Rule of Evidence 609 governs the admissibility of evidence of a criminal conviction to impeach a witness's "character for truthfulness." Rule 609(a)(1) requires admission of evidence "of a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year," subject to the Rule 403 balancing inquiry. FED. R. EVID. 609(a)(1). Rule 609(a)(2) requires admission of evidence of "any crime regardless of the punishment . . . if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." *Id.* 609(a)(2).

### I. Federal Rule of Evidence 701

Under Federal Rule of Evidence 701, a lay witness may testify "in the form of an opinion" if it is "(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." FED. R. EVID. 701. "Rule 701(a) contains a personal knowledge requirement." *United States v. Lopez*, 762 F.3d 852, 864 (9th Cir. 2014); *see also* FED. R. EVID. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter"). "In presenting lay opinions, the personal knowledge requirement may be met if the witness can demonstrate firsthand knowledge or observation." *Lopez*, 762 F.3d at 864. "A lay witness's opinion testimony necessarily draws on the witness's own understanding, including a wealth of personal information, experience, and education, that cannot be placed before the jury." *United States v. Gadson*, 763 F.3d 1189, 1208 (9th Cir. 2014). But a lay opinion witness "may not testify based on speculation, rely on hearsay or interpret unambiguous, clear statements." *United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014). This personal knowledge requirement does not apply to expert testimony. FED. R. EVID. 602.

### J. Federal Rule of Evidence 704 Standard

It is well-established, however, that expert testimony concerning an ultimate issue is not per se improper. *See e.g., Shad v. Dean Witter Reynolds, Inc.*, 799 F.2d 525, 529 (9th Cir. 1986). Indeed, Federal Rule of Evidence 704(a) provides that expert testimony that is "otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." The Ninth Circuit has held that "[a] witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (internal quotations omitted). However, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law. *E.g., McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999).

Thus, an expert may offer testimony on matters that touch on legal issues or unavoidably use legal terminology but must stop short of offering legal opinions and conclusions. *See Morgan v. City of Los Angeles*, 2020 WL 6048831, at *3 (C.D. Cal. June 23, 2020).

## IV.   Discussion

Because some of the motions *in limine* involve related issues, the Court will discuss them in groups as set forth below. In addition, because the Court's decision on bifurcation of trial is determinative of many of the issues, the Court will address that first.

### A.   This matter shall be bifurcated for trial (Defendants' Motion *in limine* No. 11).

Defendants move to request that the Court issue an order to bifurcate trial into two phases as follows:

> Phase One: Defendants request that the first phase address the liability of Defendants, and whether Defendants should be subject to an award of punitive damages;

> Phase Two: Defendants request that a second phase, if necessary, address the issue of compensatory and/or punitive damages award, if any, if the jury in Phase 1 determines liability and/or that an award of punitive damages is appropriate.

ECF No. 270 at 2.

This motion is made on the grounds that pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, separate trials on issues of liability and punitive damages are needed in the furtherance of convenience, to avoid risk of substantial prejudice and jury confusion, and to promote the expeditious and economical trial of this action. *Id.* This motion is also made on the basis of Federal Rule of Evidence 403 to prevent the jury from considering "other acts" evidence and/or allowing such evidence to improperly influence the jury's liability verdict. *Id.*

Lisa Vargas argues in response that Defendants have not established that a failure to bifurcate would result in undue prejudice to Defendants, or that bifurcation would serve judicial economy. ECF No. 259 at 3. While Lisa Vargas does not agree to the bifurcation set forth by Defendants, she does agree to the following bifurcation:

> Phase One: Liability, Compensatory Damages, and Entitlement to Punitive Damages with respect to all claims; and

> Phase Two: Amount of Lisa Vargas's Punitive Damages claim

*Id.* at 1.

Many of Lisa Vargas's arguments against the Defendants' proposal apply with equal force to her own proposal. Furthermore, to assume that a jury in a bifurcated matter will abdicate their sworn duty simply for the sake of avoiding a second phase appears inappropriate and not supported by case law. The Court, however, disagrees with Defendants that their proposed bifurcation will necessarily be more efficient, expeditious, and economical.

What the Court finds most compelling in this case, particularly in light of the guidance provided by the Ninth Circuit in *Estate of Diaz*, is the fact that this case appears to involve numerous pieces of evidence that are relevant to one set of issues or claims (chiefly damages) but wholly irrelevant and highly prejudicial to another set of issues or claims (chiefly liability). *Estate of Diaz*, 840 F.3d at 603. These include the evidence concerning Anthony Vargas's alleged drug use, his alleged gang affiliation, his mother's alleged past child neglect, and his childhood photos. The Court finds that in this case separate trials will avoid prejudice, simplify the issues for the jury, and reduce the danger of unnecessary confusion. Moreover, the issues as set forth below are clearly separable. Therefore, the Court GRANTS in part the Motion, and ORDERS that Phase One of the trial shall concern the following claims and issues only:

Liability on all claims:

- Battery (First Cause of Action)
- Negligence (Second Cause of Action)
- Violation of Cal. Civ. Code § 52.1, the Bane Act (Third Cause of Action)
- Excessive Force, Section 1983 (Fourth Cause of Action)
- Violation of substantive due process, Section 1983 (Fifth Cause of Action)

The following affirmative defense:

- Self Defense/Defense of Others

The Court further ORDERS that Phase Two will concern the remaining claims and issues, namely:

The following affirmative defenses:

- Failure to Mitigate Damages
- Comparative Negligence

Compensatory damages and punitive damages on all claims:

- Battery (First Cause of Action)
- Negligence (Second Cause of Action)
- Violation of Cal. Civ. Code § 52.1, the Bane Act (Third Cause of Action)
- Excessive Force, Section 1983 (Fourth Cause of Action)

- Violation of substantive due process, Section 1983 (Fifth Cause of Action)

**B. Anthony Vargas's baby and child pictures and evidence of his religion shall be excluded from Phase One; graphic photos of Anthony Vargas shall not be excluded from Phase One (Defendants' Motion *in limine* No. 10).**

Defendants move to exclude child and baby pictures of Anthony Vargas, inidicia of his alleged religious affiliation, and graphic photos of Anthony Vargas after his death.[2] ECF No. 265 at 2. They contend that the purpose of this evidence is solely to garner sympathy from the jury and enflame their emotions to Defendants' prejudice and it therefore must be excluded. *Id.*

Lisa Vargas argues in response: (1) Photos of Anthony Vargas's fatal injuries are highly probative of both the nature of the force used by the Deputy Defendants and the circumstances that confronted Deputy Defendants at the time they shot and killed Anthony Vargas. ECF No. 294 at 1. (2) Photos of the scene depicting the positioning and location of Anthony Vargas on the ground after he was shot are probative. *Id.* (3) The photos and evidence of when Anthony Vargas was alive, including his baby and child pictures and evidence of his religion, are relevant to the pain and suffering and loss of love, aid, comfort, society of Lisa Vargas. *Id.* (4) Any speculative risk that the photos will inflame the jury cannot be said to outweigh their significant probative value. *Id.*

Given the asserted relevance of Anthony Vargas's baby and child photos and evidence of his religion—that is, only to damages—this evidence shall be excluded from Phase One as not relevant.

With respect to the photographs of Anthony Vargas's body, although graphic, these photos of are necessitated by the way in which he died. Given that the Lisa Vargas must prove the nature of force used and the situation facing the officers, the photos are highly relevant. They are not more prejudicial than probative under the circumstances.

At the Final Pretrial Conference, Vargas lodged an additional request to admit one photograph of Anthony Vargas as an adult. Defendants did not oppose the request. As such, the Court granted Vargas's request and ordered the parties to meet and confer on the specific photograph to be admitted.

---

[2] They also seek to preclude all evidence, references, argument, and testimony related to these items. ECF No. 265 at 2.

Accordingly, the Court GRANTS this Motion in part and ORDERS this evidence shall be excluded from Phase One as irrelevant to liability, with the exception of one photograph that the parties are to meet and confer on.

### C. Evidence regarding Anthony Vargas's alleged drug use, gang affiliation, and prior criminal history shall be excluded from Phase One (Lisa Vargas's Motion *in limine* No. 1).

Lisa Vargas moves to exclude the following information not known to deputies at the time of the use of force:

1. Whether Anthony Vargas was a gang member or gang associate when they first attempted to detain him and throughout the encounter which led to the shooting death of Anthony Vargas;

2. Whether Anthony Vargas was under the intoxication of any drugs when they first attempted to detain him and throughout the encounter which led to the shooting death of Anthony Vargas; and

3. Anthony Vargas' criminal and prior bad acts including the criminal charge pending during his death when they first attempted to detain him and throughout the encounter which led to the shooting death of Anthony Vargas.

ECF No. 262 at ii.

Defendants counter that information pertaining to intoxication is relevant to Anthony Vargas's comparative negligence, his life expectancy as it relates to damages, and to explain Defendants' use of force. ECF No. 277 at 1.

The Court agrees that the gang affiliation and drug evidence may be relevant to the affirmative defense of comparative negligence and to damages (because they may bear on life expectancy). This same evidence, however, is highly prejudicial with respect to liability. Although Defendants cite to *Graham* footnote 12 in support of the principle that information unknown to defendants can be relevant, they appear to stretch *Graham* too far. *See Graham v. Connor*, 490 U.S. 386, 399 n.12 (1989). In *Graham*, the Court found that outside evidence "that the officer may have harbored ill will toward the citizen" may be relevant in assessing the officer's credibility. *Id.* It does not hold that unrelated evidence that bears no direct connection to the decedent's actions on that day are necessarily relevant.

The Court also notes that in the absence of evidence that Anthony Vargas's gang affiliation played any role in his alleged actions the day he died, this evidence seems wholly irrelevant to

liability. Similarly, in the absence of evidence that Anthony Vargas was behaving "erratically"—as in *Boyd*—the drug evidence is also wholly irrelevant to liability. *See Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009).

Finally, any evidence regarding his prior criminal acts—particularly in the absence of any evidence of a connection to the shooting—is also wholly irrelevant to liability, but highly prejudicial. The evidence sought to be excluded by the Lisa Vargas is akin to the evidence that the Court in *Estate of Diaz* found highly prejudicial. *See Estate of Diaz*, 840 F.3d at 603.

Accordingly, the Court GRANTS this Motion in part and ORDERS this evidence shall be excluded from Phase One as irrelevant to liability.

### D. Evidence regarding Lisa Vargas's alleged child neglect of Anthony Vargas shall be excluded from Phase One (Lisa Vargas's Motion *in limine* No. 6).

Lisa Vargas moves to exclude any information about her alleged child neglect that took place seven years ago. ECF 268 at 1.

Defendants argue that the information is not being used to attack Lisa Vargas's character for truthfulness but is instead directly relevant to her due process claim for interference with familial relations since it shows that nature and extent of her damages to her familial relations. ECF No. 283 at 8–9.

Defendants' only asserted claim of relevance of this evidence is with respect to damages, which will be addressed in Phase Two. Accordingly, the Court GRANTS this Motion in part and ORDERS this evidence shall be excluded from Phase One as irrelevant to liability.

### E. Evidence regarding the alleged background of the Deputy Defendants shall be permitted in part (Defendants' Motion *in limine* Nos. 1, 6, 7, 8).

#### 1. Evidence regarding the Deputy Defendants alleged involvement in deputy gangs shall be permitted (Defendants' Motion *in limine* No. 1).

Defendants move to preclude all evidence, references, argument and testimony regarding "BANDITOS," "DEPUTY GANGS/CLIQUES," "KENNEDY HALL INCIDENT," "KOLTZ REPORT," "CONSENT DECREE," subsequent remedial policy measures regarding deputy sub-groups, evidence of unrelated prior or subsequent incidents, lawsuits, or controversies involving Defendant County of Los Angeles. ECF No. 253 at 2. The motion is made upon grounds that such

1   evidence, references, argument, and testimony is irrelevant, substantially more prejudicial than

2   probative, misleading, and a waste of time. *Id.*

3       Lisa Vargas argues that the Deputy Defendants' alleged membership in the Banditos is

4   admissible under Federal Rule of Evidence 404 for the purpose of proving motive, opportunity,

5   intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. ECF No. 285

6   at 3.

7       Per the concession of Lisa Vargas, the Court GRANTS the Motion with respect to the

8   "KENNEDY HALL INCIDENT," "KOLTZ REPORT," "CONSENT DECREE," and subsequent

9   remedial policy measures regarding deputy sub-groups, evidence of unrelated prior or subsequent

10  incidents, lawsuits, or controversies involving Defendant County of Los Angeles. ECF No. 285 at 1.

11      With respect to the evidence regarding the Deputy Defendants' alleged role as "prospects" of

12  the Banditos, the Court finds this evidence is relevant for the purpose of proving the motive,

13  opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident on

14  the part of Deputy Defendants.  Lisa Vargas will only be able to present admissible, non-hearsay

15  evidence—lay testimony, lay opinion with proper foundation, and expert opinion with proper

16  foundation if previously disclosed—with respect to their alleged role as "prospects."  It appears that

17  much of the evidence referred to in the parties' supplemental briefing may not meet this standard.

18  *See, e.g.*, Escobedo testimony (providing lay opinion that Rojas is a prospect based upon "rumors at

19  the station"). In the absence of a specific offer of proof, the Court cannot rule on whether this

20  evidence is more probative than prejudicial and otherwise admissible.

21      With respect to evidence regarding the activities of the Banditos more generally, the Court

22  finds this evidence is relevant for the purpose of proving the motive, opportunity, intent, preparation,

23  plan, knowledge, identity, absence of mistake, or lack of accident on the part of Deputy Defendants.

24  Lisa Vargas will only be able to present admissible, non-hearsay evidence—lay testimony, lay

25  opinion with proper foundation, and expert opinion with proper foundation if previously disclosed—

26  with respect to the activities of the Banditos.  Lisa Vargas will only be permitted to present this

27  evidence after laying the appropriate factual foundation connecting the Deputy Defendants to the

28

Banditos. In the absence of a specific offer of proof, the Court cannot rule on whether this evidence is more probative than prejudicial and otherwise admissible.

With respect to evidence regarding the activities of deputy gangs and cliques more generally, the Court finds this evidence is relevant for the purpose of proving the motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident on the part of Deputy Defendants. Lisa Vargas will only be able to present admissible, non-hearsay evidence—lay testimony, lay opinion with proper foundation, and expert opinion with proper foundation if previously disclosed—with respect to the activities of the deputy gangs and cliques. Lisa Vargas will only be permitted to present this evidence after laying the appropriate factual foundation connecting this evidence to the Banditos and connecting the Deputy Defendants to the Banditos.  In the absence of a specific offer of proof, the Court cannot rule on whether this evidence is more probative than prejudicial and otherwise admissible.

Lisa Vargas ordered to provide an offer of proof with respect to each witness that she intends to call to show the Deputy Defendants' alleged role as "prospects," the activities of the Banditos more generally, or the activities of deputy gangs and cliques more generally. The offer of proof shall be formatted as a four-column table as follows:

*Column 1:* Witness name

*Column 2:* Short description of the specific facts the witness is expected to testify to

*Column 3:* Short description of how the testimony is admissible, non-hearsay evidence, including any required foundation and citations to the Federal Rules of Evidence

*Column 4:* Short description of why the testimony is more probative than prejudicial.

Defendants will have the opportunity to respond prior to the Court's ruling on each item of witness testimony. The Defendants' response shall be formatted as a six-column table as follows:

*Column 1: Witness name (Reproduce Vargas Column 1)*

*Column 2: Lisa Vargas's short description of the specific facts the witness is expected to testify to (Reproduce Lisa Vargas Column 2)*

*Column 3: Lisa Vargas' short description of how the testimony is admissible, non-hearsay evidence, including any required foundation and citations to the Federal Rules of Evidence (Reproduce Vargas Column 3)*

*Column 4:* Defendants' non-403 objections to the evidence (Response to Lisa Vargas's Column 3)

*Column 5: Lisa Vargas's short description of why the testimony is more probative than prejudicial (Reproduce Lisa Vargas Column 4)*

*Column 6:* Defendants' 403 objections to the evidence (Response to Lisa Vargas's Column 4)

Accordingly, the Court GRANTS the Motion in part and DENIES the Motion in part.[3]

    2.  <u>Evidence regarding whether Deputy Defendants "planted a gun" shall be permitted (Defendants' Motion *in limine* No. 6).</u>

Defendants move to preclude all evidence, references, argument and testimony from Lisa Vargas's counsel, witnesses and/or experts that Defendants "planted" a gun. ECF No. 268 at 2. This motion is made upon grounds that such argument is mere speculation, lacks sufficient evidentiary foundation, and thus are not helpful to a jury. *Id.*

Lisa Vargas argues that any argument and testimony regarding the planting of a gun are highly relevant. ECF No. 181 at 3. Lisa Vargas argues that there is forensic and physical evidence in support of their contention. *Id.*

The Court finds that this evidence is relevant to whether the Deputy Defendants used reasonable force given that it appears the presence of a gun is one of the asserted justifications for the actions of the Deputy Defendants, and Lisa Vargas shall be permitted to present admissible evidence on this topic.

Accordingly, the Court DENIES the Motion.

/ / /

/ / /

---

[3] Of the enumerated list set forth by Lisa Vargas in ECF No. 285, only the evidence set forth in item number 9 (regarding the Kennedy Hall Incident) is excluded in full. ECF No. 285 at 2-3.

1

        3.   <u>Evidence regarding the Deputy Defendants prior and subsequent bad acts is not permitted (Defendants' Motion *in limine* No. 7).</u>

2

     Defendants move to exclude testimony, argument, or evidence regarding the Deputy

3

Defendants' prior uses of force, prior use of force complaints, prior lawsuits, and/or subsequent uses

4

of force and related lawsuits. ECF No. 259 at 4.  This motion is made upon grounds that such

5

evidence is irrelevant, more prejudicial than probative, and not helpful to jury. *Id.*

6

     Lisa Vargas counters that this evidence is relevant for direct liability and impeachment

7

purposes. ECF No. 291 at 1.

8

     The Court finds that evidence of prior and subsequent bad acts is inadmissible as character

9

evidence pursuant to Federal Rule of Evidence 404. Character evidence is normally not admissible

10

in a civil rights case. *Cohn v. Papke*, 655 F.2d 191, 193 (9th Cir. 1981). For instance, in *Gates v.*

11

*Rivera*, the Court held that because "[t]he question to be resolved was whether, objectively, [the

12

officer's] use of force had been excessive," "[h]is past conduct did not bear on that issue." *Gates v.*

13

*Rivera*, 993 F.2d 697, 700 (9th Cir. 1993).

14

     Accordingly, the Court GRANTS the Motion.

15

        4.   <u>Evidence that Anthony Vargas was "murdered" and that the use of force was unreasonable is permitted (Defendants' Motion *in limine* No. 8).</u>

16

     Defendants move to exclude testimony, argument, or evidence that Deputy Defendants

17

"murdered" Anthony Vargas and/or the force was unreasonable. ECF No. 260 at 2. This motion is

18

made upon grounds that they are irrelevant, a legal conclusion, misstatement of law, more

19

prejudicial than probative, and lacks sufficient evidentiary foundation. *Id.*

20

     Lisa Vargas argues that this evidence is relevant and not prejudicial. ECF No. 292 at 1.

21

     The Court finds that testimony or evidence that Deputy Defendants "murdered" Anthony

22

Vargas and whether the force was unreasonable is admissible because it goes directly to what the

23

Lisa Vargas must prove—whether the Deputy Defendants' use of force was objectively reasonable.

24

Furthermore, the Court holds that counsel may use the terms in their argument, as they may be

25

understood in the colloquial sense.

26

     Accordingly, the Court DENIES the Motion.

27

28

**F.   The opinions and testimony of the parties' expert witnesses may be permitted in part (Defendants' Motion *in limine* Nos. 2, 3, 4, 5 and Lisa Vargas's Motion *in limine* Nos. 2, 3, 4, 5).**

1.   Lisa Vargas's Expert Theron L. Vines (Defendants' Motion *in limine* No. 2).

Defendants move to preclude all evidence, references, argument and testimony from Lisa Vargas's DNA forensic expert Theron L Vines, III on the basis that his opinions lack sufficient evidentiary foundation, cannot be stated to any reasonable scientific probability, and, thus, are speculative. ECF No. 254 at 2.

Federal Rule of Evidence 702 allows a witness to testify as an expert "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." *United States v. Alonso*, 48 F.3d 1536, 1540 (9th Cir. 1995) (quoting FED. R. EVID. 702). While Courts may reject wholly speculative or unfounded testimony, it abuses its discretion if it overlooks relevant data submitted as the foundation of an expert's remarks." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1025 (9th Cir. 2022). Experts may express opinions without published support if they provide an explanation of why such publications are unavailable. *Primiano v. Cook*, 598 F.3d 558, 567 (9th Cir. 2010). This concern regarding speculation speaks to weight, not reliability. *Elosu*, 26 F.4th at 1025.

The Court DENIES the Motion. The Court finds that the witness offered is a designated expert with appropriate credentials. Defendants' arguments go towards factual disagreement, bias, and weight, but not his actual qualifications or an absence of the basis for opinions.

2.   Lisa Vargas's Expert Okorie Okorocha (Defendants' Motion *in limine* No. 3).

Defendants move to preclude all evidence, references, argument, and testimony from Lisa Vargas's toxicology expert Okorie Okorocha. ECF No. 255 at 2. The motion is made upon the grounds that Okorocha's opinions fail the *Daubert* analysis, lack sufficient evidentiary foundation, cannot be stated to any reasonable scientific probability, are merely Lisa Vargas's counsel's arguments, and thus, are speculative. *Id.* Lisa Vargas disputes these arguments. ECF No. 287 at 6–7.

Given the asserted relevance of Okorocha's testimony and opinions—that is, only to damages—this evidence shall be excluded from Phase One as not relevant. As such the Court GRANTS the Motion in part to exclude such evidence during Phase One.

3.   Lisa Vargas's Expert Jesse Wobrock (Defendants' Motion *in limine* No. 4).

Defendants move to preclude all evidence, references, argument, and testimony from Lisa Vargas's expert reconstructionist Dr. Jesse Wobrock. ECF No. 256 at 2. The motion is made upon the grounds that Dr. Wobrock's opinions fail the *Daubert* analysis, lack sufficient evidentiary foundation, cannot be stated to any reasonable scientific probability, are merely Lisa Vargas's counsel's arguments, and thus, are speculative. *Id.* Lisa Vargas disputes these arguments. ECF No. 289.

The Court DENIES the Motion. The Court finds that the witness offered is a designated expert with appropriate credentials. Defendants' arguments go towards factual disagreement, bias, and weight, but not his actual qualifications or an absence of the basis for opinions.

4.   Lisa Vargas's Expert Scott Defoe (Defendants' Motion *in limine* No. 5).

Defendants move to preclude all evidence, references, argument, and testimony from Lisa Vargas's expert Scott Defoe. ECF No. 257 at 2. The motion is made upon the grounds that Defoe's opinions fail the *Daubert* analysis, lack sufficient evidentiary foundation, cannot be stated to any reasonable scientific probability, are merely Lisa Vargas's counsel's arguments, and thus, are speculative. *Id.* Lisa Vargas disputes these arguments. ECF No. 290.

The Court DENIES the Motion. The Court finds that the witness offered is a designated expert with appropriate credentials. Defendants' arguments go towards factual disagreement, bias, and weight, but not his actual qualifications or an absence of the basis for opinions.

5.   Defendants' Expert Dr. Timothy Dutra (Lisa Vargas's Motion *in limine* No. 2).

Lisa Vargas moves to preclude all evidence, references, argument, and testimony from Defendants' expert Dr. Timothy Dutra. ECF No. 263 at ii. The motion is made upon the grounds that Dr. Dutra's opinions regarding body positioning and biomechanics, toxicology, levels of methamphetamine and marijuana, and other such opinions regarding the drug use and behavior of Anthony Vargas amount to inadmissible character evidence. *Id.* Defendants argue that Dr. Dutra is simply testifying to Anthony Vargas's blood toxicology levels and will not testify to their significance.

The Court DENIES the Motion. The Court finds that the witness offered is a designated expert with appropriate credentials. Defendants' arguments go towards factual disagreement, bias,

and weight, but not his actual qualifications or an absence of the basis for opinions. The Court

advises the parties that Dr. Dutra's testimony should be limited to his autopsy findings and he is not

permitted to testify to Anthony Vargas's prior health conditions or alleged drug use in Phase One.

### 6.   Defendants' Expert Gil Jurado (Lisa Vargas's Motion *in limine* No. 3).

Lisa Vargas moves to preclude Gil Jurado from offering the following:

1.   Any testimony regarding the "Banditos";

2.   any rebuttal to proffered evidence Nikolas Perez and Jonathan Rojas were
members of the Banditos sheriff deputy gang, and to the probability that a gun
was planted by the Banditos gang members at the scene of the shooting to justify
the use of deadly force by Perez and Rojas; and

3.   Any testimony by this expert the allegations defendants Perez and Rojas are
members of a gang is based on racial prejudice.

ECF No. 264 at ii. This motion is made upon the grounds that Mr. Jurado lacks foundation or basis,

personal knowledge, and credibility for any opinions about the Banditos gang. *Id.* at 2. Defendants'

argue that this motion is moot to the extent that the Court excludes any evidence regarding the

Banditos. ECF No. 279 at 3.

The Court GRANTS the Motion. The Court finds this witness has no apparent credentials

relating to deputy gangs and has conceded that he does not have personal knowledge of deputy

gangs.

### 7.   Defendants' Expert Marvin Petruszka (Lisa Vargas's Motion *in limine* No. 4).

Lisa Vargas moves to preclude all evidence, references, argument, and testimony from

Defendants' expert Dr. Marvin Petruszka. ECF No. 266 at ii. This motion is made on the grounds

that Dr. Petruszka's drug and behavior testimony lacks foundation, is based on hearsay, not

scientifically accepted, improper opinion, irrelevant, unfair prejudice and confusing of issues and

must be excluded. *Id.* Defendants disputes these arguments. ECF No. 280.

The Court GRANTS the Motion in part. The Court finds that the witness offered is a

designated expert with appropriate credentials. Defendants' arguments go towards factual

disagreement, bias, and weight, but not his actual qualifications or an absence of the basis for

opinions. Dr. Petruszka's testimony regarding whether Anthony Vargas's behavior was caused by

drugs and or that he was supposedly reaching for a weapon goes only to the affirmative defenses and

is not permitted in Phase One. As there appears to be no claim that Anthony Vargas was behaving "erratically," the case law cited by Defendants is largely inapposite. And given that any opinions on Anthony Vargas's life expectancy are relevant only to damages, this evidence shall also be excluded from Phase One.

8.  Defendants' Expert Rocky Edwards (Lisa Vargas's Motion *in limine* No. 5).

Lisa Vargas moves to preclude all evidence, references, argument, and testimony from Defendants' expert Rocky Edwards. ECF No. 267 at ii. This motion is made on the grounds that Edwards's opinions and testimony are testimonial hearsay, lack foundation, unqualified, and speculative *Id.* Defendants dispute these arguments. ECF No. 281.

The Court DENIES the Motion. The Court finds that the witness offered is a designated expert with appropriate credentials. Defendants' arguments go towards factual disagreement, bias, and weight, but not his actual qualifications or an absence of the basis for opinions.

**G. The undisclosed witnesses may be used solely for the purposes of impeachment (Defendants' Motion *in limine* No. 9).**

Defendants argue that untimely disclosed witnesses, including Captain Ewert, Paramedic Bickley and Noel Lopez, be excluded. ECF No. 261 at 2. Lisa Vargas contends that she is not required to disclose witnesses that are being used solely for the purposes of impeachment. ECF No. 293 at 1.

Federal Rule of Civil Procedure 26(a)(1) provides that a

party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information ... that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

To the extent that Lisa Vargas intends to solely use the undisclosed witnesses for the purposes of impeachment, the Court DENIES the Motion. Lisa Vargas may not introduce these witnesses for any other purpose.

**H. Evidence of other agency determinations shall be excluded (Lisa Vargas's Motion *in limine* No. 7).**

Lisa Vargas moves to exclude evidence regarding any agency electing not to prosecute Deputy Defendants or that the use of force was not reasonable. ECF No. 269 at 1. Defendants state

20

that they did not intend to produce evidence of any agency electing not to prosecute. ECF No. 284 at 3. However, they argue that they should be allowed to present evidence that the use of force was reasonable. *Id.* at 3–4.

Having considered Defendants' non-opposition, the Court GRANTS the Motion as it relates to evidence regarding any agency electing not to prosecute. However, the Court DENIES the Motion as it relates to the presentation of evidence regarding whether the use of force was reasonable. This is Defendants' primary defense. As such, they must be permitted to argue it.

**I.   The Court will defer ruling regarding undisclosed damages until Phase Two (Defendants' Motion *in limine* No. 12).**

Defendants move to exclude evidence of financial damages not disclosed in Federal Rules of Civil Procedure Rule 26 computation of damages and damages of Lisa Vargas's alleged physical, mental, and/or emotional pain and suffering. ECF No. 274 at 2. Lisa Vargas contends that no fixed standard exists for noneconomic damages so she was not required to provide computation and that she is entitled to pain and suffering damages. ECF No. 296 at 1.

The Court will defer ruling on these issues until Phase Two of the trial.

**V.    Conclusion**

In light of the foregoing reasons, the Court ORDERS as follows:

1.   The Court GRANTS in part and DENIES in part Defendants' Motion *in limine* No. 1;

2.   With respect to the evidence Lisa Vargas intends to present with respect to Defendants' Motion *in limine* No. 1:

  a.   the parties shall meet and confer regarding the individual items of evidence in an attempt to narrow down the items of evidence;

  b.   Subsequent to the meet-and-confer, Lisa Vargas shall file by March 3, 2023, an offer of proof as outlined in this Order;

  c.   Defendants shall file by March 10, 2023, a response as outlined in this Order.

3.   The Court DENIES Defendants' Motion *in limine* No. 2;

4.   The Court GRANTS in part Defendants' Motion *in limine* No. 3;

5.   The Court DENIES Defendants' Motion *in limine* No. 4;

6.   The Court DENIES Defendants' Motion *in limine* No. 5;

7.   The Court DENIES Defendants' Motion *in limine* No. 6;

8.   The Court GRANTS Defendants' Motion *in limine* No. 7;

9.   The Court DENIES Defendants' Motion *in limine* No. 8;

10. The Court DENIES Defendants' Motion *in limine* No. 9;

11. The Court GRANTS in part Defendants' Motion *in limine* No. 10;

12. The parties are to meet and confer regarding the single photograph to be admitted with respect to Defendants' Motion *in limine* No. 10;

13. The Court GRANTS in part Defendants' Motion *in limine* No. 11;

14. The Court defers ruling on Defendants' Motion *in limine* No. 12;

15. The Court GRANTS in part Lisa Vargas's Motion *in limine* No. 1;

16. The Court DENIES Lisa Vargas's Motion *in limine* No. 2;

17. The Court GRANTS Lisa Vargas's Motion *in limine* No. 3;

18. The Court GRANTS in part Lisa Vargas's Motion *in limine* No. 4;

19. The Court DENIES Lisa Vargas Motion *in limine* No. 5;

20. The Court GRANTS in part Lisa Vargas's Motion *in limine* No. 6; and

21. The Court GRANTS in part Lisa Vargas's Motion *in limine* No. 7.

**IT IS SO ORDERED.**

Dated: February 27, 2023

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge