**RICKEY IVIE, ESQ. (SBN 76864)**
rivie@imwlaw.com
**MARINA SAMSON, ESQ. (SBN 315024)**
msamson@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 S. Flower Street, Suite 1800
Los Angeles, CA  90071
Telephone:   (213) 489-0028
Facsimile:    (213) 489-0552

Attorneys for Defendants,
**COUNTY OF LOS ANGELES, NIKOLIS PEREZ**
**AND JONATHAN ROJAS**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA VARGAS, | ) Case No.: **2:19-cv-03279-MEMF-AS** |
| | ) *[Hon. Maame Ewusi-Mensah Frimpong,* |
| Plaintiff | ) *United States District Judge]* |
| | ) |
| v. | ) **DEFENDANTS' RESPONSE TO** |
| | ) **PLAINTIFF'S OFFER OF PROOF** |
| COUNTY OF LOS ANGELES, | ) **RE BANDITOS EVIDENCE** |
| NIKOLIS PEREZ, JONATHAN | ) |
| ROJAS, and DOES 1 through 10, | ) Trial Date:     April 3, 2023 |
| inclusive, | ) Pre-Trial Confer: March 15, 2023 |
| | ) Time:             9:00 a.m. |
| Defendants | ) Courtroom:     8B |
| | ) |
| | ) |

**TO HONORABLE COURT, ALL PARTIES AND TO THEIR**
**ATTORNEYS OF RECORD**:

**COMES NOW DEFENDANTS' COUNTY OF LOS ANGELES,**

**NIKOLIS PEREZ AND JONATHAN ROJAS** and hereby submit their Response to Plaintiff's Offer of Proof re Banditos Evidence pursuant to the Court's Order on Defendants' Motions in *Limine* and Plaintiff Lisa Vargas's Motions in *Limine*. (Dkt. 320).

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| Art Hernandez | At the very least, Jonathan Rojas was or is a prospect of the Banditos | Firsthand personal knowledge. Fed. R. Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that Calls for Speculation. Fed. R. Evid. 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.<br><br>Witness possesses *no firsthand knowledge of the subject incident.*<br><br>Witness testimony is based on entirely vague or otherwise | This evidence is more prejudicial than probative because it establishes Defendant Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. Evid. 404<br><br>This evidence is more prejudicial than probative |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal knowledge of any actual facts despite still having no personal knowledge of the deputies and subject incident itself.<br><br>Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility | | because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. Purported witness testimony provides no admissible evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | of his testimony. Witness already testified that he never personally witnessed defendant deputies being "Prospects" and has no firsthand knowledge of the incident. | | confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |
| Benjamin Zaredini | Jonathan Rojas is a prospect of the Banditos because he goes out of his way to impress the Banditos. | Firsthand personal knowledge. Fed. R. Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that Calls for Speculation. Fed. R. Evid. 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.<br><br>Witness possesses *no firsthand knowledge of* | This evidence is more prejudicial than probative because it establishes Defendant Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | *the subject incident.*<br><br>Witness testimony is based on entirely vague or otherwise innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal knowledge of any actual facts despite still having no personal knowledge of the deputies and subject incident itself.<br><br>Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a | | evidence should not be admissible under Fed. R. Evid. 404<br><br>This evidence is more prejudicial than probative because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. Purported witness testimony provides no admissible evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility of his testimony. Witness already testified that he never personally witnessed defendant deputies being "Prospects" and has no firsthand knowledge of the incident. | | gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |
| Art Hernandez | Jonathan Rojas has been at the East Los Angeles Sheriff's station long enough to impress the | First hand personal knowledge. Fed. R. Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that Calls for Speculation. Fed. R. Evid. 701(c). Lacks | This evidence is More prejudicial than probative because it establishes Defendant Rojas' and Perez's | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | Banditos. | | Personal Knowledge Fed. R. Evid. 602.<br><br>Witness possesses *no firsthand knowledge of the subject incident.*<br><br>Witness testimony is based on entirely vague or otherwise innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal knowledge of any actual facts despite still having no personal knowledge of the deputies and subject incident | motive, intent, preparation and plan in shooting and killing Anthony Vargas. | will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. Evid. 404<br><br>This evidence is more prejudicial than probative because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. Purported witness testimony provides no admissible |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | itself.<br><br>Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility of his testimony. Witness already testified that he never personally witnessed defendant deputies being "Prospects" and has no firsthand knowledge of the incident. | | evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |
| Benjamin Zaredini | At the very least, | First hand personal | Inadmissible hearsay. Fed. | This evidence is | This evidence is |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | Nikolis Perez was or is a prospect of the Banditos. | knowledge. Fed. R. Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | R. Evid. 801, 802 Improper Lay Opinion that Calls for Speculation. Fed. R. Evid. 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.  Witness possesses *no firsthand knowledge of the subject incident.*  Witness testimony is based on entirely vague or otherwise innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal | more prejudicial than probative because it establishes Defendant Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. Evid. 404  This evidence is more prejudicial than probative because it charges law enforcement officers of being part of a "gang or clique" that portrays them |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | knowledge of any actual facts despite still having no personal knowledge of the deputies and subject incident itself.

Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility of his testimony. Witness already testified that he never personally witnessed defendant | | as criminals, while this is a civil rights case. Purported witness testimony provides no admissible evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | deputies being "Prospects" and has no firsthand knowledge of the incident. | | not on merits, and potentially cause a mistrial. |
| Art Hernandez | Nikolis Perez has been at the East Los Angeles Sheriff's station long enough to impress the Banditos. | Firsthand personal knowledge. Fed. R. Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that Calls for Speculation. Fed. R. Evid. 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.<br><br>Witness possesses *no firsthand knowledge of the subject incident.*<br><br>Witness testimony is based on entirely vague or otherwise | This evidence is More prejudicial than probative because it establishes Defendant Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. Evid. 404<br><br>This evidence is more prejudicial |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal knowledge of any actual facts despite still having no personal knowledge of the deputies and subject incident itself.<br><br>Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility | | than probative because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. Purported witness testimony provides no admissible evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | of his testimony. Witness already testified that he never personally witnessed defendant deputies being "Prospects" and has no firsthand knowledge of the incident. | | inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |
| Benjamin Zaredini | Benjamin Zaredini was a prospect of the Banditos | Firsthand personal knowledge. Fed. R. Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that Calls for Speculation. Fed. R. Evid. 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.<br><br>Witness possesses *no firsthand knowledge of* | This evidence is more prejudicial than probative because it establishes Defendant Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | *the subject incident.*<br><br>Witness testimony is based on entirely vague or otherwise innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal knowledge of any actual facts despite still having no personal knowledge of the deputies and subject incident itself.<br><br>Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a | | evidence should not be admissible under Fed. R. Evid. 404<br><br>This evidence is more prejudicial than probative because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. Purported witness testimony provides no admissible evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility-ty of his testimony. Witness already testified that he never personally witnessed defendant deputies being "Prospects" and has no firsthand knowledge of the incident. | | gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |
| Art Hernandez | A deputy being involved in a deputy involved shooting gives a prospect credit in the eyes of | First hand personal knowledge. Fed. R. Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that Calls for Speculation. Fed. R. Evid. 701(c). Lacks | This evidence is more prejudicial than probative because it establishes Defendant Rojas' and Perez's | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | the Banditos. | | Personal Knowledge Fed. R. Evid. 602.<br><br>Witness possesses *no firsthand knowledge of the subject incident.*<br><br>Witness testimony is based on entirely vague or otherwise innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal knowledge of any actual facts despite still having no personal knowledge of the deputies and subject incident | motive, intent, preparation and plan in shooting and killing Anthony Vargas. | the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. Evid. 404<br><br>This evidence is more prejudicial than probative because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. Purported witness testimony provides no admissible evidence that |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | itself.<br><br>Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility of his testimony. Witness already testified that he never personally witnessed defendant deputies being "Prospects" and has no firsthand knowledge of the incident. | | Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |
| Art Hernandez | Jonathan Rojas | knowledge. Fed. R. | Inadmissible hearsay. Fed. | This evidence is | This evidence is excludable |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | and Nikolis Perez received credits as Banditos prospects for being involved in a deputy involved shooting. | Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | R. Evid. 801, 802 Improper Lay Opinion that Calls for Speculation. Fed. R. Evid. 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.<br><br>Witness possesses *no firsthand knowledge of the subject incident.*<br><br>Witness testimony is based on entirely vague or otherwise innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal | more prejudicial than probative because it establishes Defendant Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. Evid. 404<br><br>This evidence is more prejudicial than probative because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | knowledge of any actual facts despite still having no personal knowledge of the deputies and subject incident itself.<br><br>Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility of his testimony. Witness already testified that he never personally witnessed defendant | | while this is a civil rights case. Purported witness testimony provides no admissible evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, |

- 19 -

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | deputies being "Prospects" and has no firsthand knowledge of the incident. | | and potentially cause a mistrial. |
| Benjamin Zaredini | Jonathan Rojas' shooting of Anthony Vargas is connected to the Banditos. | First hand personal knowledge. Fed. R. Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that Calls for Speculation. Fed. R. Evid. 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.<br><br>Witness possesses *no firsthand knowledge of the subject incident.*<br><br>Witness testimony is based on entirely vague or otherwise | This evidence is more prejudicial than probative because it establishes Defendant Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. Evid. 404<br><br>This evidence is more prejudicial than probative |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal knowledge of any actual facts despite still having no personal knowledge of the deputies and subject incident itself.

Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility | | because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. Purported witness testimony provides no admissible evidence that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This witness testimony will |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | of his testimony. Witness already testified that he never personally witnessed defendant deputies being "Prospects" and has no firsthand knowledge of the incident. | | mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |
| Benjamin Zaredini | Jonathan Rojas' shooting of Anthony Vargas is connected to the Banditos because shooting someone at such a close range and the number of shots is excessive. | First hand personal knowledge. Fed. R. Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that Calls for Speculation. Fed. R. Evid. 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.<br><br>Witness possesses *no firsthand knowledge of* | This evidence is more prejudicial than probative because it establishes Defendant Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | *the subject incident.*<br><br>Witness testimony is based on entirely vague or otherwise innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal knowledge of any actual facts despite still having no personal knowledge of the deputies and subject incident itself.<br><br>Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a | | evidence should not be admissible under Fed. R. Evid. 404<br><br>This evidence is more prejudicial than probative because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. Purported witness testimony provides no admissible evidence that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility of his testimony. Witness already testified that he never personally witnessed defendant deputies being "Prospects" and has no firsthand knowledge of the incident. Not an expert on close range shooting | | the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |
| Benjamin Zaredini | The Banditos advocate for excessive force. | First hand personal knowledge. Fed. R. Evid. 602. Admissible lay opinion. | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that Calls for | This evidence is more prejudicial than probative because it | This evidence is excludable under Fed. R. 403, as its probative value is "substantially" |

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | Fed. R. Evid. 701. | Speculation. Fed. R. Evid. 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.

Witness possesses *no firsthand knowledge of the subject incident.*

Witness testimony is based on entirely vague or otherwise innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal knowledge of any actual facts despite still having no personal | establishes Defendant Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. Evid. 404

This evidence is more prejudicial than probative because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. Purported witness |

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | knowledge of the deputies and subject incident itself.<br><br>Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility of his testimony. Witness already testified that he never personally witnessed defendant deputies being "Prospects" and has no firsthand | | testimony provides no admissible evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | knowledge of the incident. Not an expert on the use of force. | | |
| Benjamin Zaredini | Violence is the norm for the Banditos. | First hand personal knowledge. Fed. R. Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that Calls for Speculation. Fed. R. Evid. 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.<br><br>Witness possesses *no firsthand knowledge of the subject incident.*<br><br>Witness testimony is based on entirely vague or otherwise innocuous conduct and | This evidence is more prejudicial than probative because it establishes Defendant Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. Evid. 404<br><br>This evidence is more prejudicial than probative because it charges law |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | his personal opinions interpreting otherwise harmless conduct vs. personal knowledge of any actual facts despite still having no personal knowledge of the deputies and subject incident itself.<br><br>Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility of his testimony. | | enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. Purported witness testimony provides no admissible evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This |

- 28 -

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | Witness already testified that he never personally witnessed defendant deputies being "Prospects" and has no firsthand knowledge of the incident. | | witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |
| Benjamin Zaredini | Excessive force against citizens is a way of the Banditos expressing their dominance. | Firsthand personal knowledge. Fed. R. Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that calls for speculation and legal conclusion. Fed. R. Evid. 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.  Witness possesses *no firsthand knowledge of* | This evidence is more prejudicial than probative because it establishes Defendant Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible |

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | *the subject incident.*<br><br>Witness testimony is based on entirely vague or otherwise innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal knowledge of any actual facts despite still having no personal knowledge of the deputies and subject incident itself.<br><br>Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a | | under Fed. R. Evid. 404<br><br>This evidence is more prejudicial than probative because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. Purported witness testimony provides no admissible evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility of his testimony. Witness already testified that he never personally witnessed defendant deputies being "Prospects" and has no firsthand knowledge of the incident. | | furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |
| Art Hernandez | Jonathan Rojas was required to receive approval for certain actions from the Banditos' god father. | First hand personal knowledge. Fed. R. Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that calls for speculation. Fed. R. Evid. 701(c). | This evidence is more prejudicial than probative because it establishes Defendant Rojas' and Perez's | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | Lacks Personal Knowledge Fed. R. Evid. 602.<br><br>Witness possesses *no firsthand knowledge of the subject incident.*<br><br>Witness testimony is based on entirely vague or otherwise innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal knowledge of any actual facts despite still having no personal knowledge of the deputies and subject | motive, intent, preparation and plan in shooting and killing Anthony Vargas. | the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. Evid. 404<br><br>This evidence is more prejudicial than probative because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. Purported witness testimony provides no admissible evidence that |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | incident itself.<br><br>Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility of his testimony. Witness already testified that he never personally witnessed defendant deputies being "Prospects" and has no firsthand knowledge of the incident. | | Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |
| Art | Jonathan | First hand | Inadmissible | This | This |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| Hernandez | Rojas spoke about the Banditos with Art Hernandez. | personal knowledge. Fed. R. Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that calls for speculation and legal conclusion. Fed. R. Evid. 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.<br><br>Witness possesses *no firsthand knowledge of the subject incident.*<br><br>Witness testimony is based on entirely vague or otherwise innocuous conduct and his personal opinions interpreting otherwise | evidence is more prejudicial than probative because it establishes Defendant Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. Evid. 404<br><br>This evidence is more prejudicial than probative because it charges law enforcement officers of being part of a "gang or clique" that |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | harmless conduct vs. personal knowledge of any actual facts despite still having no personal knowledge of the deputies and subject incident itself.

Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility of his testimony. Witness already testified that he never | | portrays them as criminals, while this is a civil rights case. Purported witness testimony provides no admissible evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | personally witnessed defendant deputies being "Prospects" and has no firsthand knowledge of the incident and never spoke to Rojas regarding the incident. | | on emotions, not on merits, and potentially cause a mistrial. |
| Art Hernandez | Jonathan Rojas spoke about the Banditos with Art Hernandez. | First hand personal knowledge. Fed. R. Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that calls for speculation and legal conclusion. Fed. R. Evid. 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.<br><br>Witness possesses *no firsthand* | This evidence is more prejudicial than probative because it establishes Defendant Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | *knowledge of the subject incident.*<br><br>Witness testimony is based on entirely vague or otherwise innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal knowledge of any actual facts despite still having no personal knowledge of the deputies and subject incident itself.<br><br>Defendants' request for a FRE § 104(a) preliminary examination outside of the | | admissible under Fed. R. Evid. 404<br><br>This evidence is more prejudicial than probative because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. Purported witness testimony provides no admissible evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | presence of a jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility of his testimony. Witness already testified that he never personally witnessed defendant deputies being "Prospects" and has no firsthand knowledge of the incident and never spoke to Rojas about the incident. | | or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |
| Art Hernandez | Nikolis Perez told Art Hernandez about desert | First hand personal knowledge. Fed. R. Evid. 602. Admissible | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that | This evidence is more prejudicial than probative | This evidence is excludable under Fed. R. Evid. 403, as its probative |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | trips the Banditos would take. | lay opinion. Fed. R. Evid. 701. | calls for speculation and legal conclusion. Fed. R. Evid. 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.<br><br>Witness possesses *no firsthand knowledge of the subject incident.*<br><br>Witness testimony is based on entirely vague or otherwise innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal knowledge of any actual | because it establishes Defendant Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. Evid. 404<br><br>This evidence is more prejudicial than probative because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | facts despite still having no personal knowledge of the deputies and subject incident itself.<br><br>Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility of his testimony. Witness already testified that he never personally witnessed defendant deputies being | | Purported witness testimony provides no admissible evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | "Prospects" and has no firsthand knowledge of the incident and never spoke to Perez about the incident or how the desert trips were related to "gangs/cliques" and the incident. | | |
| Art Hernandez | The Banditos is referred to a as a clique or gang. | First hand personal knowledge. Fed. R. Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that calls for speculation and legal conclusion. Fed. R. Evid. 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.  Witness possesses *no* | This evidence is more prejudicial than probative because it establishes Defendant Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | *firsthand knowledge of the subject incident.*<br><br>Witness testimony is based on entirely vague or otherwise innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal knowledge of any actual facts despite still having no personal knowledge of the deputies and subject incident itself.<br><br>Defendants' request for a FRE § 104(a) preliminary examination | | should not be admissible under Fed. R. Evid. 404<br><br>This evidence is more prejudicial than probative because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. Purported witness testimony provides no admissible evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | outside of the presence of a jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility of his testimony. Witness already testified that he never personally witnessed defendant deputies being "Prospects" and has no firsthand knowledge of the incident. | | membership or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |
| Art Hernandez | The Banditos are a gang because they are three or more people who | Firsthand personal knowledge. Fed. R. Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that calls for speculation and legal | This evidence is more prejudicial than probative because it establishes Defendant | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair |

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | identify themselves by a name or symbol and commit criminal activities. | | conclusion. Fed. R. Evid. 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.<br><br>Witness possesses *no firsthand knowledge of the subject incident.*<br><br>Witness testimony is based on entirely vague or otherwise innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal knowledge of any actual facts despite still having no personal | Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. Evid. 404<br><br>This evidence is more prejudicial than probative because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. Purported witness testimony provides no |

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | knowledge of the deputies and subject incident itself.<br><br>Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility of his testimony. Witness already testified that he never personally witnessed defendant deputies being "Prospects" and has no firsthand | | admissible evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | knowledge of the incident. | | |
| Art Hernandez | The name and symbol for the Banditos is the Banditos and the Banditos tattoos. | First hand personal knowledge. Fed. R. Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that calls for speculation and legal conclusion. Fed. R. Evid. 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.<br><br>Witness possesses *no firsthand knowledge of the subject incident* and its relation to deputy tattoos.<br><br>Witness testimony is based on entirely vague or otherwise | This evidence is more prejudicial than probative because it establishes Defendant Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. Evid. 404<br><br>This evidence is more prejudicial than probative because it charges law enforcement officers of |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal knowledge of any actual facts despite still having no personal knowledge of the deputies and subject incident itself.<br><br>Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility | | being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. Purported witness testimony provides no admissible evidence that Rojas and Perez were "Prospects," or have "Banditos" tattoos and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | of his testimony. Witness already testified that he never personally witnessed defendant deputies being "Prospects" and has no firsthand knowledge of the incident. | | jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |
| Benjamin Zaredini | The tattoo of the Banditos is a skeleton with a mustache and a double bandolier holding a revolver type gun. | First hand personal knowledge. Fed. R. Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that calls for speculation and legal conclusion. Fed. R. Evid. 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.\n\nWitness possesses *no* | This evidence is more prejudicial than probative because it establishes Defendant Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | *firsthand knowledge of the subject incident* and its relation to deputy tattoos.<br><br>Witness testimony is based on entirely vague or otherwise innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal knowledge of any actual facts despite still having no personal knowledge of the deputies and subject incident itself.<br><br>Defendants' request for a | | evidence should not be admissible under Fed. R. Evid. 404<br><br>This evidence is more prejudicial than probative because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. Purported witness testimony provides no admissible evidence that Rojas and Perez were "Prospects" or have "Banditos" tattoos and that the shooting of |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | FRE § 104(a) preliminary examination outside of the presence of a jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility of his testimony. Witness already testified that he never personally witnessed defendant deputies being "Prospects" and has no firsthand knowledge of the incident. | | Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |
| Benjamin Zaredini | Anyone with the tattoo of the Banditos also has a | First hand personal knowledge. Fed. R. Evid. 602. Admissible | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that | This evidence is more prejudicial than probative | This evidence is excludable under Fed. R. Evid. 403, as its probative |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | serial number. | lay opinion. Fed. R. Evid. 701. | calls for speculation and legal conclusion. Fed. R. Evid. 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.<br><br>Witness possesses *no firsthand knowledge of the subject incident* and its relation to tattoos. Defendants Rojas and Perez have no such tattoos.<br><br>Witness testimony is based on entirely vague or otherwise innocuous conduct and his personal opinions interpreting | because it establishes Defendant Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. Evid. 404<br><br>This evidence is more prejudicial than probative because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | otherwise harmless conduct vs. personal knowledge of any actual facts despite still having no personal knowledge of the deputies and subject incident itself.

Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility of his testimony. Witness already testified that | | Purported witness testimony provides no admissible evidence that Rojas and Perez were "Prospects" or have "banditos" tattoos, and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | he never personally witnessed defendant deputies being "Prospects" and has no firsthand knowledge of the incident. | | and potentially cause a mistrial. |
| Benjamin Zaredini | The Banditos symbol was placed in the East Los Angeles Sheriff's Station gym. | First hand personal knowledge. Fed. R. Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that calls for speculation and legal conclusion. Fed. R. Evid. 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.<br><br>Witness possesses *no firsthand knowledge of the subject incident* as it relates to the | This evidence is more prejudicial than probative because it establishes Defendant Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. Evid. 404 |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | described banner.<br><br>Witness testimony is based on entirely vague or otherwise innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal knowledge of any actual facts despite still having no personal knowledge of the deputies and subject incident itself.<br><br>Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a | | This evidence is more prejudicial than probative because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. Purported witness testimony provides no admissible evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged |

- 54 -

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility of his testimony. Witness already testified that he never personally witnessed defendant deputies being "Prospects" and has no firsthand knowledge of the incident. | | "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |
| Benjamin Zaredini | The Banditos symbol was also on softball jerseys. | First hand personal knowledge. Fed. R. Evid. 602. Admissible lay opinion. Fed. R. Evid. 701. | Inadmissible hearsay. Fed. R. Evid. 801, 802 Improper Lay Opinion that calls for speculation and legal conclusion. Fed. R. Evid. | This evidence is more prejudicial than probative because it establishes Defendant Rojas' and Perez's | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and |

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | 701(c). Lacks Personal Knowledge Fed. R. Evid. 602.<br><br>Witness possesses *no firsthand knowledge of the subject incident* and its relation to the described jerseys and Defendant deputies.<br><br>Witness testimony is based on entirely vague or otherwise innocuous conduct and his personal opinions interpreting otherwise harmless conduct vs. personal knowledge of any actual | motive, intent, preparation and plan in shooting and killing Anthony Vargas. | will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. Evid. 404<br><br>This evidence is more prejudicial than probative because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. Purported witness testimony provides no admissible |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | facts despite still having no personal knowledge of the deputies and subject incident itself.<br><br>Defendants' request for a FRE § 104(a) preliminary examination outside of the presence of a jury as to this witness's qualifications as a lay witness as to his firsthand knowledge and admissibility of his testimony. Witness already testified that he never personally witnessed defendant deputies being | | evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | "Prospects" and has no firsthand knowledge of the incident. | | |
| Scott DeFoe | In Mr. DeFoe's opinion, if Los Angeles County Sheriffs Department Deputy Sheriffs Jonathan Rojas and Nikolis Perez' decision to use lethal force in this matter was based on their involvement or desired involvement with the "Banditos" at the Los | Admissible expert opinion. Fed. R. Evid. 702. | Inadmissible, Improper basis for expert opinion calling for speculation and improper legal opinion. Fed. R. Evid. 701, 702 and 703. | This evidence is more prejudicial than probative because it establishes Defendant Rojas' and Perez's motive, intent, preparation and plan in shooting and killing Anthony Vargas. | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. Evid. 404  This evidence is more prejudicial than probative because it charges law |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | Angeles County Sheriffs Depa1tment East Los Angeles Station, the shooting would be inappropriate. | | | | enforcement officers of being part of a "gang or clique" that portrays them as criminals, while this is a civil rights case. Purported witness testimony provides no admissible evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." Expert DeFoe should not be permitted to inflame and confuse the |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | | | jury with his unfounded, speculative testimony concluding that the shooting of Mr. Vargas was related to Defendant Deputies' "desire" to be members of "Banditos." As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |
| Request for Judicial Notice of August 13, 2020, Press | On August 13, 2020, the Los Angeles County Sheriff's Departme | Under Federal Rule of Evidence 201(b), a "judicially noticed fact | Inadmissible hearsay/Cont ains Inadmissible hearsay, Unauthenticat ed. Fed. R. | This evidence will lay a foundation regarding the Banditos to | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| Release re Deputy Cliques | nt issued a press release which announced that 26 department employees will received letters of intent to suspend or terminate as a result of a fight among deputies based upon allegations about a deputy clique within the Department at the East Los Angeles patrol station of a subgroup known as | must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. ----R. Evid. 201(b). A court may properly take judicial notice of matters in the public | Evid. 801, 802.

Lacks foundation. Fed. R. Evid. 602. | further question deputies regarding the existence of the deputy gang and Rojas' and Perez's connection to the gang. | outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. Evid. 404

This evidence is more prejudicial than probative because it implies that Deputy Defendants have been part of a "gang or clique" that portrays them as criminals just because they are LASD deputies, while this is a |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | the "Bandidos." | record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir.2001). Matters in the public record. See *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). | | | civil rights case. This document provides no admissible evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." The Internal Affairs investigation did not find any evidence of Mr. Vargas's shooting to be related to "Banditos" or any "deputy gang or clique."  As such, this evidence will |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | | | inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |
| Request for Judicial Notice of Analysis of The Criminal Investigation of the Alleged assault by Banditos October 2020 | Such report will establish that a Banditos deputy gang exists and how they enact violence and fear. Further, Defendant Rojas and Perez were present at the Kennedy Hall incident. | Under Federal Rule of Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of | Inadmissible hearsay/Contains Inadmissible hearsay, Unauthenticated. Fed. R. Evid. 801, 802.<br><br>Lacks foundation. Fed. R. Evid. 602.<br><br>Irrelevant. Fed. R. Evid. 401, 402 and 403. | This evidence will lay a foundation regarding the Banditos to further question deputies regarding the existence of the deputy gang and Rojas' and Perez's connection to the gang. | This evidence is excludable under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). A court may properly take judicial notice of matters in the public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir.2001). Matters in the public record. See *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 | | | Evid. 404 This evidence is more prejudicial than probative because it implies that Deputy Defendants have been part of a "gang or clique" that portrays them as criminals just because they are LASD deputies, while this is a civil rights case. This document provides no admissible evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | (9th Cir. 2001). | | | or in furtherance of the alleged "Banditos gang/clique." The Internal Affairs investigation did not find any evidence of Mr. Vargas's shooting to be related to "Banditos" or any "deputy gang or clique."  As such, this evidence will inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |
| Request for Judicial | Such report will establish | Under Federal Rule of | Inadmissible hearsay/Cont ains | This evidence will lay a | This evidence is excludable |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| Notice of February 2023 Report And Recommendations of The Special Counsel To Sheriff Civilian Oversight Commission Regarding Deputy Gangs And Deputy Cliques In The Los Angeles County Sheriff's Department | that a Banditos deputy gang exists. | Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). A court may properly take judicial | Inadmissible hearsay, Unauthenticated. Fed. R. Evid. 801, 802.

Lacks foundation. Fed. R. Evid. 602.

Irrelevant. Fed. R. Evid. 401, 402 and 403. | foundation regarding the Banditos to further question deputies regarding the existence of the deputy gang and Rojas' and Perez's connection to the gang. | under Fed. R. Evid. 403, as its probative value is "substantially" outweighed by unfair prejudice and will mislead the jury to reach a verdict not reconcilable with the facts of the case. As such, the purported evidence should not be admissible under Fed. R. Evid. 404

This evidence is more prejudicial than probative because it charges law enforcement officers of being part of a "gang or clique" that portrays them as criminals, |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | notice of matters in the public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir.2001). Matters in the public record. See *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). | | | while this is a civil rights case. This document provides no admissible evidence that Rojas and Perez were "Prospects" and that the shooting of Mr. Vargas was related to any "deputy gang/clique" membership or in furtherance of the alleged "Banditos gang/clique." The Internal Affairs investigation did not find any evidence connecting Mr. Vargas's shooting to "Banditos" or any "deputy gang or cliques." As such, this evidence will |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE

| Witness Name | Description of Testimony | Admissibility | Defendants' Non-403 Objections | Why More Prejudicial than Probative | Defendants' 403 Objections |
|---|---|---|---|---|---|
| | | | | | inflame and confuse the jury. This witness testimony will mislead the jury to reach a verdict based on emotions, not on merits, and potentially cause a mistrial. |

Dated:  March 10, 2023

**IVIE McNEILL WYATT PURCELL & DIGGS**

**By:**  */s Marina Samson*
**RICKEY IVIE**
**MARINA SAMSON**
Attorneys for Defendants,
**COUNTY OF LOS ANGELES, NIKOLIS PEREZ AND JONATHAN ROJAS**

DEFENDANTS' RESPONSE TO PLAINTIFF'S OFFER OF PROOF RE BANDITOS EVIDENCE