# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA VARGAS,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>COUNTY OF LOS ANGELES, NIKOLIS PEREZ, JONATHAN ROJAS, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants | Case No.: 2:19-cv-03279-MEMF-AS<br>*[Hon. Maame Ewusi-Mensah Frimpong, United States District Judge]*<br><br>**FINAL PRETRIAL CONFERENCE ORDER**<br><br>Trial Date:　April 6, 2023<br>Time:　　　8:00 a.m.<br>Courtroom:　8B |

Following pretrial proceedings, pursuant to Rule 16, F.R.Civ.P. and Local Rule16:

**IT IS ORDERED:**

## I. THE PARTIES

a. Plaintiff: LISA VARGAS, individually and as the Successor in Interest to ANTHONY VARGAS.

b. Defendants: COUNTY OF LOS ANGELES; NIKOLIS PEREZ, and

1

JONATHAN ROJAS.

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are: Plaintiff's First Amended Complaint for Damages; Defendants' Answer to Plaintiff's First Amended Complaint for Damages; Plaintiff's Memorandum of Contentions of Fact and Law; Defendants' Memorandum of Contentions of Fact and Law; and this [Proposed] Final Pre-Trial Conference Order.

## II. FEDERAL JURISDICTION AND VENUE

Federal jurisdiction and venue are invoked upon the grounds: The parties stipulate that the Court has jurisdiction over federal claims and supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

The parties agree the venue is proper pursuant to 28 U.S.C. §§ 1391 because, among other things, a substantial part of the acts or omissions complained of occurred in the Los Angeles County judicial district and because one or more of the defendants reside in this judicial district.

## III. TRIAL ESTIMATE

The parties request a jury trial. The parties estimate the trial is approximately four (5) to five (7) court days, including *voir dire* and deliberations.

## IV. JURY TRIAL

The trial is to be by jury. The parties timely requested a trial by jury. The parties have filed their Memoranda of Contentions of Fact and Law, their Witness lists and Exhibit lists.

At the time of the filing of this proposed order, the parties have also filed this Court's required filings for a jury trial.

## V. ADMITTED FACTS

The following facts are admitted and require no proof:

1. At all times relevant to this lawsuit, Defendants Deputy NIKOLIS PEREZ and Deputy Jonathan Rojas were employed by the County of Los Angeles and the County of Los Angeles Sheriff's Department. ("LASD").

2. At all times relevant to this lawsuit, Defendants Deputy Jonathan Rojas and Deputy Nikolis Perez were acting under color of state law.

3. The incident involving Defendants Deputy Jonathan Rojas and Deputy Nikolis Perez and Mr. Vargas occurred on August 12, 2018 at approximately 2:00 a.m.

## VI. STIPULATED FACTS

The following facts, though stipulated, shall be without prejudice to any evidentiary objection: none.

## VII. CLAIMS AND DEFENSES OF THE PARTIES

A. **PLAINTIFF:**

Plaintiff will pursue the following claims against the Defendants:

**Claim 1: Fourth Amendment – Violation of Civil Rights (42 USC Section 1983).**

Plaintiff LISA VARGAS contends Defendants NIKOLIS PEREZ and/or JONATHAN ROJAS used excessive force against Decedent ANTHONY VARGAS in violation of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983.

Elements:

1. Defendants NIKOLIS PEREZ and/or JONATHAN ROJAS acted under color of state law;

2. Defendants NIKOLIS PEREZ and/or OFFICER JONATHAN ROJAS used excessive force against Plaintiff's Decedent, Anthony Vargas;

3. The excessive force was a cause of injury, damage, loss, or harm to Plaintiff.

*See* Ninth Circuit Manual of Model Jury Instructions, No. 9.25 Unreasonable Seizure of Person – Excessive (Deadly and Nondeadly) Force.

Damages: Plaintiff LISA VARGAS seeks survival damages (including pain and suffering and loss of enjoyment of life of Decedent), wrongful death damages (including loss of the relationship, love, aid, comfort, society, protection, affection, guidance, etc. of her son), and punitive damages under this claim. Plaintiff also seeks attorney's fees under 42 U.S.C. § 1988.

Key Evidence. Plaintiff relies on the following key evidence for Plaintiff's claims:

i. The testimony of:
    a. Nikolis Perez;
    b. Jonathan Rojas;
    c. Detective Dean Camarillo;
    d. Sgt. Robert Martindale;
    e. Carlos Estrada;
    f. David Hill;
    g. Valentina Zapata;
    h. Deputy Adrian Rendon;
    i. Sgt Sara Rodriguez;
    j. Samantha Ingalls – COLA Senior Criminalist;
    k. Ilene Krokaugger Louie;
    l. Jenny Mak;
    m. Deputy Medical examiner from the Coroner's office to testify as to the Autopsy Report
    n. Deputy David Casas;
    o. Deputy Art Hernandez;
    p. Plaintiffs' police practices expert, Scott DeFoe;
    q. Plaintiff's Biomechanics expert Jesse L. Wobrock, Ph.D;
    r. Plaintiff's DNA expert, Theron L. Vines;

    s. Plaintiff's Chemist & Drug expert, Okorie Okorocha for Damages (Phase II); and

    t. Lisa Vargas for damages (Phase II); and

    u. Stephanie Luna for damages (Phase II).

ii. The Exhibits:

    a. The autopsy report, photos, and the testimony of the medical examiner regarding the bullet entry wounds to the Decedent's body;

    b. Surveillance Video from Maravilla Housing Community Capturing Shooting Part I;

    c. Surveillance Video from Maravilla Housing Community Capturing Shooting Part II;

    d. Autopsy Report for Anthony Vargas by County of Los Angeles Department of Medical Examiner-Coroner;

    e. Picture of Anthony Vargas' back post shooting;

    f. Picture of Anthony Vargas' side back post shooting;

    g. Picture of Anthony Vargas' head post shooting;

    h. Picture of Anthony Vargas' face post shooting;

    i. Picture of scene of shooting post shooting;

    j. Picture of Anthony Vargas' full body post shooting;

    k. Picture of Anthony Vargas' full body with evidence markers post shooting;

    l. Picture of Anthony Vargas' full body with evidence markers post shooting from a zoomed out position;

    m. Picture of weapon found at the scene post shooting;

    n. Picture of weapon found at the scene post shooting with evidence marker 16;

    o. East La Station Fort Apache logo;

p. February 26, 2020 Los Angeles District Attorney Justice System Integrity Division report;

q. Transcribed August 12, 2018 interview of Jonathan Rojas;

r. Transcribed August 12, 2018 interview of Nikolis Perez;

s. Transcribed August 12, 2018 interview of Sara Rodriguez;

t. Transcribed August 12, 2018 interview of Deputy Rendon;

u. Dispatch call regarding shooting describing robbery suspects;

v. Surveillance Video from Maravilla Housing Community Capturing Rojas' and Perez's patrol vehicle driving to the scene of shooting;

w. Photo taken from north of the scene of shooting depicting Rojas' and Perez's patrol vehicle;

x. Aerial photo of the scene of the shooting;

y. Picture of Jonathan Rojas radio on the day of the shooting with an evidence marker of 1;

z. Audio dispatch call during shooting (#11924);

aa. Photo of Anthony Vargas' clothes on the day of the shooting with an evidence marker of 19;

bb. Latent prints analysis report by Jenny Mak Kang – VARG 71 to VARG 72;

cc. DNA Analysis report by Ilene Krokaugger Louie- VARG 444 to VARG 446;

dd. DOJ Firearms trace report;

ee. Photographs of the scene, of the defendants and their weapons;

ff. Standard law enforcement training materials;

gg. Personnel file of Jonathan Rojas;

v. Deposition transcript of Deputy Benjamin Zaradeni;

w. Deposition transcript of Deputy Art Hernandez;

x. The report of Plaintiffs' police practices expert, Scott DeFoe;

    y. The report of Plaintiff's Biomechanics expert Jesse L. Wobrock, Ph.D.;

    z. The report of Plaintiff's DNA expert, Theron L. Vines

    aa. The report of Plaintiff's Chemist & Drug expert, Okorie Okorocha.

    bb. The expert reports of Defendants' experts.

**Claim 2: Fourteenth Amendment Substantive Due Process – Interference with Familial Relationship (42 USC § 1983).**

Plaintiff LISA VARGAS contends defendants, Defendants NIKOLIS PEREZ and/or JONATHAN ROJAS violated her Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. "To prevail on this claim, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

    1. Defendants NIKOLIS PEREZ 's and/or JONATHAN ROJAS' conduct harmed ANTHONY VARGAS; and

    2. The conduct of the Defendants NIKOLIS PEREZ 's and/or JONATHAN ROJAS' "shocks the conscience"

In order to prove whether official conduct "shocks the conscience" in these factual circumstances, plaintiff must prove that the deputies acted with a purpose to harm unrelated to legitimate law enforcement objectives."

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 9.32 (Revised Sept. 2020); *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998); *FDIC v. Henderson*, 940 F.2d 465, 474 (9th Cir. 1991); *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1222 (10th Cir. 2006); *Gantt v. City of Los Angeles* (9th Cir.2013) 717 F.3d 702, 707–08; *Porter v. Osborn*, 546 F.3d 1131, 1136, 39 (9th Cir. 2008).

Damages: Plaintiff LISA VARGAS seeks loss of familial relationship damages including loss of the relationship, love, aid, comfort, society, protection, affection, guidance, etc. of her son), and punitive damages under this claim. Plaintiff also seeks attorney's fees under 42 U.S.C. § 1988.

Key Evidence. Plaintiff relies on the same key evidence referred to for Claim No. 1.

**Claim 3: Assault and Battery.**

Plaintiff LISA VARGAS contends Defendants, NIKOLIS PEREZ and OFFICER JONATHAN ROJAS used unreasonable force against Decedent under the circumstances. Defendant, County of Los Angeles is vicariously liable for the acts and omissions of said Defendants.

Elements:

**<u>Assault (CACI 1301)</u>**

1. On August 12, 2018, Defendants NIKOLIS PEREZ and/or JONATHAN ROJAS acted, intending to cause harmful contact with Decedent, ANTHONY VARGAS;
2. The ANTHONY VARGAS reasonably believed that he was about to be touched in a harmful manner;
3. ANTHONY VARGAS did not consent to Defendants NIKOLAS' PEREZ and/or JONATHAN ROJAS' conduct;
4. Anthony Vargas was harmed;
5. The Defendants NIKOLIS PEREZ and/or JONATHAN ROJAS conduct was substantial factor in causing ANTHONY VARGAS' harm.

**<u>Battery By A Peace Officer (CACI 1305B)</u>**

1. That Defendants NIKOLIS PEREZ and/or JONATHAN ROJAS intentionally touched ANTHONY VARGAS;
2. That Defendants NIKOLIS PEREZ and/or JONATHAN ROJAS used deadly force;
3. That Defendants NIKOLIS PEREZ 's and/or JONATHAN ROJAS' use of deadly force was not necessary to defend human life;
4. That ANTHONY VARGAS was killed;

5. That Defendants NIKOLIS PEREZ's and/or JONATHAN ROJAS' use of deadly force was a substantial factor in causing ANTHONY VARGAS' death.

6. That Defendants NIKOLIS PEREZ's and/or JONATHAN ROJAS' use of unreasonable force was a substantial factor in causing Plaintiff's harm.

See CACI 1305B Battery by Peace Officer -- Essential Factual Elements

Damages. Plaintiff Lisa Vargas seeks survival damages including Anthony Vargas' own pain and suffering prior to this death and punitive damages.

Key Evidence. Plaintiff relies on the same key evidence referred to for Claim No. 1.

**Claim 4: Negligence - Negligent Use of Deadly Force by Peace Officer (CACI 441):**

Plaintiff LISA VARGAS contends that Defendants NIKOLIS PEREZ and/or JONATHAN ROJAS used negligent deadly force in arresting or detaining Anthony Vargas while NIKOLIS PEREZ and/or JONATHAN ROJAS acted in the Course and Scope of their employment with the COUNTY OF LOS ANGELES.

Elements:

1. That Defendants NIKOLIS PEREZ and/or JONATHAN ROJAS were a peace officers;
2. That Defendants NIKOLIS PEREZ and/or JONATHAN ROJAS used deadly force on ANTHONY VARGAS;
3. That Defendants NIKOLIS PEREZ's and/or JONATHAN ROJAS' use of deadly force was not necessary to defend human life;
4. That ANTHONY VARGAS was killed; and
5. That Defendants NIKOLIS PEREZ's and/or JONATHAN ROJAS' use of deadly force was a substantial factor in causing ANTHONY VARGAS' death.

1  Defendants NIKOLIS PEREZ's and JONATHAN ROJAS' use of deadly force
2  was necessary to defend human life only if a reasonable officer in the same situation
3  would have believed, based on the totality of the circumstances known to or perceived
4  by Defendants NIKOLIS PEREZ and JONATHAN ROJAS at the time, that deadly
5  force was necessary either:

6  To defend against an imminent threat of death or serious bodily injury to
7  Defendants NIKOLIS PEREZ and JONATHAN ROJAS.

8  A peace officer must not use deadly force against persons based only on the
9  danger those persons pose to themselves, if an objectively reasonable officer would
10 believe the person does not pose an imminent threat of death or serious bodily injury
11 to the peace officer or to another person.

12 A person being arrested or detained has a duty not to use force to resist a peace
13 officer unless the peace officer is using unreasonable force.

14 "Deadly force" is force that creates a substantial risk of causing death or serious
15 bodily injury. It is not limited to the discharge of a firearm.

16 A threat of death or serious bodily injury is "imminent" if, based on the totality
17 of the circumstances, a reasonable officer in the same situation would believe that a
18 person has the present ability, opportunity, and apparent intent to immediately cause
19 death or serious bodily injury to the peace officer or to another person. An imminent
20 harm is not merely a fear of future harm, no matter how great the fear and no matter
21 how great the likelihood of the harm, but is one that, from appearances, must be
22 instantly confronted and addressed.

23 "Totality of the circumstances" means all facts known to or perceived by the
24 peace officer at the time, including the conduct of Defendants NIKOLIS PEREZ and
25 JONATHAN ROJAS and ANTHONY VARGAS leading up to the use of deadly
26 force. In determining whether Defendants NIKOLIS PEREZ and JONATHAN
27 ROJAS' use of deadly force was necessary in defense of human life, you must
28 consider Defendants NIKOLIS PEREZ and JONATHAN ROJAS'S tactical conduct

and decisions before using deadly force on ANTHONY VARGAS and whether Defendants NIKOLIS PEREZ and JONATHAN ROJAS used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other de-escalation tactics are not retreat. A peace officer does not lose the right to self-defense by using objectively reasonable force to arrest/detain, or prevent escape, or overcome resistance."

CACI 441 - Negligent Use of Deadly Force by Peace Officer—Essential Factual Elements

Damages. Plaintiff Lisa Vargas seeks wrongful death damages (including loss of the relationship, love, aid, comfort, society, protection, affection, guidance, etc. of her son, Anthony Vargas).

Key Evidence. Plaintiff relies on the same key evidence referred to for Claim No. 1.

**Claim 5: Violation of the Bane Act:**

Plaintiff LISA VARGAS contends that Defendants NIKOLIS PEREZ and/or JONATHAN ROJAS intentionally interfered with Anthony Vargas' civil rights by threats, intimidation, or coercion.

Elements:

1. That Defendants NIKOLIS PEREZ and/or JONATHAN ROJAS acted violently against ANTHONY VARGAS;
2. That Defendants NIKOLIS PEREZ and/or JONATHAN ROJAS intended to deprive ANTHONY VARGAS's enjoyment of the interests protected of his right to be free from unreasonable force or an unreasonable seizure;
3. That ANTHONY VARGAS was harmed; and
4. Defendants NIKOLIS PEREZ 's and/or JONATHAN ROJAS's conduct

was a substantial factor in causing harm to ANTHONY VARGAS

*See* CACI No. 3066. Bane Act - Essential Factual Elements (Civ. Code, § 52.1). (Judicial Council of California Civil Jury Instructions (2020 edition), revised November, 2018); CACI VF-3035.

Damages. Plaintiff Lisa Vargas seeks survival damages including Anthony Vargas' own pain and suffering prior to this death, a multiplier of damages including treble damages pursuant to Civil Code Section 52, civil penalties as allowed pursuant to Civil Code Section 52, attorney's fees and punitive damages under this claim.

Key Evidence. Plaintiff relies on the same key evidence referred to for Claim No. 1.

B. **DEFENDANTS**:

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S ELEMENTS**

1. **Plaintiff's Bane Act Claim**

Regarding Plaintiff's Fourth Claim under the "Bane Act," Defendants object to the language "be free from unreasonable seizures" in Element No. 1. Reasonable suspicion existed to detain Anthony Vargas. Accordingly, Anthony Vargas was not being unreasonably seized and did not have such a right to resist lawful detention at that time. Defendants request that the Court instruct Plaintiff to articulate what specific right Anthony Vargas had a right to exercise that was allegedly interfered with by Defendants.

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S REQUESTED DAMAGES**

Defendants object to several items of damages requested by Plaintiff. For example, under the "Assault," "Battery," and "Negligence" claims, which are brought as survival actions, Plaintiff Lisa Vargas states she seeks damages for *her own* "loss of the relationship, love, aid, comfort, society, protection, affection, guidance, etc. of her son, Anthony Vargas," which are not recoverable.

**AFFIRMATIVE DEFENSES**

**(a) Defendants intend to pursue the following affirmative defenses**

1. **Third Affirmative Defense** - Plaintiff's Failure to Mitigate Damages
2. **Fifth Affirmative Defense** - Self-Defense/Defense of Others
3. **Thirtieth Affirmative Defense** - Comparative Negligence

 (b) **Elements**

 1.  <u>**Third Affirmative Defense:**</u>

   Plaintiff failed to mitigate or attempt to mitigate damages therefore, if in fact any damages have been sustained, any recovery by Plaintiff must be diminished or barred by their failure to mitigate.

 **Elements**:

 1. That the plaintiff failed to use reasonable efforts to mitigate damages; and

 2. The amount by which damages would have been mitigated.

Source:  Ninth Cir. Model Jury Instructions No. 5.3 DAMAGES—MITIGATION

 2. <u>**Fifth Affirmative Defense: Self-Defense/Defense of Others**</u>

  **Elements**:

  1. That [*name of defendant*] reasonably believed that [*name of plaintiff*] was going to harm [him/her/[*insert identification of other person*]]; and

  2. That [*name of defendant*] used only the amount of force that was reasonably necessary to protect [himself/herself/[*insert identification of other person*]].

Source: CACI Jury Instructions No. 1304 Affirmative Defense—Self-Defense/Defense of Others

 3. <u>**Thirtieth Affirmative Defense:**</u>

  **Elements**:

  1. That [name of plaintiff] was negligent; and

  2. That [name of plaintiff]'s negligence was a substantial factor in causing [his/her] harm

Source:  CACI JURY INSTRUCTION NO. 405. Comparative Fault of Plaintiff

**(c) Evidence**

In brief, the key evidence Defendants rely on for each counterclaim and affirmative defense is:

**Key Testimony:**

1. Defendant NIKOLIS PEREZ
2. Defendant Jonathan Rojas
3. Dr. Timothy Dutra,
4. Detective Dean Camarillo
5. Sgt. Robert Martindale
6. Samantha Ingalls
7. Ilene Krokaugger
8. Jenny Mak
9. Deputy Adrian Rendon
10. Sgt. Sara Rodriguez
11. Carlos Alfredo Estrada
12. Valentina Zapata
13. Los Angeles Coroner criminalist C. Dal Chele
14. Los Angeles Coroner criminalist J. Posada
15. Deputy Johnny Kang
16. Dr. Marvin Pietruszka, M.D.
17. Mr. Rocky Edwards
18. Comm. J. Gil Jurado

**Key Documents and Other Evidence:**

1. Surveillance Camera Recordings of Incident and Still Images from Recordings
2. Photographs of Scene of Shooting Incident
3. Photographs of Evidence at Scene of Shooting Incident
4. Photographs of Decedent at Scene of Shooting Incident
5. Photographs of Bullet Impacts/Strikes at Scene of Shooting Incident

6. Autopsy Photographs
7. Decedent's Toxicology Report
8. Audio Recordings of Radio/Dispatch Communications;
9. Audio Recording/Transcripts of Los Angeles County Sheriff's Department Interviews of Involved Shooting Deputies and Witnesses
10. Incident Details/History Reports
11. Excerpts from Los Angeles County Sheriff's Department Policy Manual
12. Excerpts from P.O.S.T. Learning Domain 20
13. Autopsy Report and Diagrams
14. Los Angeles County Sheriff's Department Reports and Records Pertaining to the Shooting Incident
15. Scene Diagrams
16. Plaintiff's Responses to Defendants' Requests for Admission
17. Plaintiff's Responses to Defendants' Special Interrogatories
18. Supplementary Reports from investigation of Incident
19. Audio dispatch of 911 call.
20. Laboratory Examination Reports

## VIII. REMAINING ISSUES TO BE TRIED

**A. Plaintiff:**

In view of the admitted facts and the elements required to establish the claim, Plaintiffs contend that the following additional issues remain to be tried

1. Whether Defendants NIKOLIS PEREZ and JONATHAN ROJAS used unreasonable or excessive force under the circumstances;
2. Whether Defendants NIKOLIS PEREZ and JONATHAN ROJAS battered and assaulted the Decedent;
3. Whether Defendants NIKOLIS PEREZ and JONATHAN ROJAS negligently used deadly force against Anthony Vargas;
4. Whether Defendants NIKOLIS PEREZ and JONATHAN ROJAS used

|   |   |
|---|---|
| 1 | force and intimidation to violate protected constitutional rights of decedent Anthony Vargas. |
| 2 | 5. The nature and extent of Plaintiff's damages caused by Defendants' conduct; |
| 3 | 6. Whether the conduct of Defendants NIKOLIS PEREZ and JONATHAN ROJAS were malicious, oppressive or in reckless disregard of Decedent's and Plaintiff's rights; and |
| 4 | 7. If punitive damages are awarded, the amount of punitive damages. |

**B.     Defendants:**

1. Whether Deputy Nikolis Perez used excessive or unreasonable force against the decedent;
2. Whether Deputy Jonathan Rojas used excessive or unreasonable force against the decedent;
3. Whether Deputy Nikolis Perez assaulted the decedent;
4. Whether Deputy Jonathan Rojas assaulted the decedent;
5. Whether Deputy Nikolis Perez battered the decedent;
6. Whether Deputy Jonathan Rojas battered the decedent;
7. Whether Deputy Nikolis Perez was negligent;
8. Whether Deputy Jonathan Rojas was negligent;
9. Whether Deputy Nikolis Perez violated the Bane Act;
10. Whether Deputy Jonathan Rojas violated the Bane Act;
11. Whether Deputy Nikolis Perez's conduct was a substantial factor in causing Decedent's Damages
12. Whether Deputy Jonathan Rojas' conduct was a substantial factor in causing Decedent's Damages
13. The nature and extent of the Decedent's damages;
14. Whether the conduct of Deputy Nikolis Perez was malicious, oppressive, or in reckless disregard of the decedent's or the plaintiffs' rights; and

15. Whether the conduct of Deputy Jonathan Rojas was malicious, oppressive, or in reckless disregard of the decedent's or the plaintiffs' rights;

16. Whether Anthony Vargas was comparatively negligent;

17. Whether Plaintiff Lisa Vargas failed to mitigate her damages;

18. Whether Anthony Vargas failed to mitigate his damages;

19. Whether Deputy Nikolis Perez engaged in lawful self-defense or defense of others;

20. Whether Deputy Jonathan Rojas engaged in lawful self-defense or defense of others;

21. Whether Deputy Nikolis Perez is entitled to qualified immunity;

22. Whether Deputy Jonathan Rojas is entitled to qualified immunity

## IX. DISCOVERY

All discovery is complete as of the date of the filing of this Order.

## X. JOINT EXHIBIT LIST

All disclosures under F.R.Civ.P. 26(a)(3) have been made. The Joint Exhibit List and Stipulation of the parties have been filed under separate cover as required by L.R. 16-6.1 and the Court's Case Management Order (and may be supplemented).

## XI. WITNESS LIST

Plaintiff's and Defendants' Joint witness lists have been filed with the Court under separate cover.

Only the witnesses identified in the list will be permitted to testify (other than solely for impeachment).

## XII. PENDING LAW AND MOTION

Plaintiff filed Supplemental Brief Re: Banditos Impeachment and Defendants have filed their Opposition. No other motions are pending or contemplated:

## XIII. BIFURCATION

Pursuant to the Court's Order (Dkt. No. 320) the matter is bifurcated into two Phases. The Court ORDERED that Phase One of the trial shall concern the following

claims and issues only:

Liability on all claims:

- Battery (First Cause of Action)
- Negligence (Second Cause of Action)
- Violation of Cal. Civ. Code § 52.1, the Bane Act (Third Cause of Action)
- Excessive Force, Section 1983 (Fourth Cause of Action)
- Violation of substantive due process, Section 1983 (Fifth Cause of Action)

The following affirmative defense:

- Self Defense/Defense of Others

The Court further ORDERED that Phase Two will concern the remaining claims and issues, namely:

The following affirmative defenses:

- Failure to Mitigate Damages
- Comparative Negligence

Compensatory damages and punitive damages on all claims:

- Battery (First Cause of Action)
- Negligence (Second Cause of Action)
- Violation of Cal. Civ. Code § 52.1, the Bane Act (Third Cause of Action)
- Excessive Force, Section 1983 (Fourth Cause of Action)
- Violation of substantive due process, Section 1983 (Fifth Cause of Action)

### XIV. PRETRIAL ORDER SUPERSEDES PLEADINGS

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial in this cause.

**IT IS SO ORDERED.**

DATED: _____, 2023

_____
**The Honorable Maame Ewusi-Mensah Frimpong**
**United States District Court Judge**