UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:19-cv-03279-MEMF-ASx                                           Date: April 20, 2023

Title   <u>Lisa Vargas v. County of Los Angeles, et al.</u>

Present: The Honorable:   Maame Ewusi-Mensah Frimpong

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:   In Chambers –MO re Jury Trial Phase II**

**Procedural History**

On February 27, 2023, the Court ordered that the trial in this matter be bifurcated between Phase One and Phase Two as follows:

<u>Phase One</u>

Liability on all claims:
- Battery (First Cause of Action)
- Negligence (Second Cause of Action)
- Violation of Cal. Civ. Code § 52.1, the Bane Act (Third Cause of Action)
- Excessive Force, Section 1983 (Fourth Cause of Action)
- Violation of substantive due process, Section 1983 (Fifth Cause of Action)

The following affirmative defense:
- Self Defense/Defense of Others

<u>Phase Two</u>

The following affirmative defenses:
- Failure to Mitigate Damages
- Comparative Negligence

Compensatory damages and punitive damages on all claims:

- Battery (First Cause of Action)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:19-cv-03279-MEMF-ASx                                                    Date: April 20, 2023

Title   <u>Lisa Vargas v. County of Los Angeles, et al.</u>

- Negligence (Second Cause of Action)
- Violation of Cal. Civ. Code § 52.1, the Bane Act (Third Cause of Action)
- Excessive Force, Section 1983 (Fourth Cause of Action)
- Violation of substantive due process, Section 1983 (Fifth Cause of Action)

ECF No. 320, at 8–10.

On February 27, 2023, the Court also ruled on eleven (11) motions *in limine* filed by Defendants County of Los Angeles, Nikolis Perez, and Jonathan Rojas (ECF Nos. 253–61, 265, 270) and seven (7) motions *in limine* filed by Plaintiff Lisa Vargas (ECF Nos. 262–64, 266–69). The Court granted the motions in part, and deferred ruling on a twelfth motion in limine filed by Defendants (ECF No. 274).

On April 17, 2023, the jury began its deliberations in Phase One. On April 17, 2023, April 18, 2023, April 20, 2023 the Court heard from the parties with respect to a number of pending pretrial matters related to Phase Two.

On April 17, 2023 and April 18, 2023, the parties presented briefing on Defendants' request to present the testimony of Jaymee Vargas-Ponce via deposition in lieu of live testimony. On April 20, 2023, the Court held an evidentiary hearing regarding this matter and permitted additional argument. *See* ECF No. 371,

The Court's rulings on the pending pretrial matters related to Phase Two are set forth below.

### Clarification on Matters Addressed in Court's Order on Motions *in Limine* and in Court's Trial Orders

Out of an abundance of caution and for the avoidance of any confusion, the Court reiterates and clarifies the following rulings which apply to Phase Two of the trial:

> Lisa Vargas's Motion *in limine* No. 1: Evidence regarding Anthony Vargas's alleged drug use, gang affiliation, and prior criminal history, which was ordered excluded from Phase One, is permitted in Phase Two.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:19-cv-03279-MEMF-ASx                              Date: April 20, 2023

Title   <u>Lisa Vargas v. County of Los Angeles, et al.</u>

Lisa Vargas's Motion *in limine* No. 6: Evidence regarding Lisa Vargas's alleged child neglect of Anthony Vargas, which was ordered excluded from Phase One, is permitted in Phase Two.

Defendants' Motion *in limine* No. 1: Evidence regarding the Deputy Defendants' alleged involvement in deputy gangs, which was ordered excluded from Phase One, ECF Nos. 329 and 347, is also excluded from Phase Two.

Defendants' Motion *in limine* No. 6: Evidence regarding whether Deputy Defendants "planted a gun," which was permitted in Phase One, is also permitted in Phase Two.

Defendants' Motion *in limine* No. 7: Evidence regarding the Deputy Defendants' prior and subsequent bad acts, which was ordered excluded from Phase One but subsequently permitted once Defendants opened the door to it, is permitted in Phase Two.

Defendants' Motion *in limine* No. 8: Evidence that Anthony Vargas was "murdered" and that the use of force was unreasonable, which was ordered permitted in Phase One, is also permitted in Phase Two.

Defendants' Motion *in limine* Nos. 2, 3, 4, 5 and Lisa Vargas's Motion *in limine* Nos. 2, 3, 4, 5: The opinions and testimony of the parties' expert witnesses were ordered permitted in part in Phase One. The opinions and testimony permitted in Phase One are ORDERED permitted in Phase Two. In addition, the following opinions and testimony that were excluded from Phase One are ORDERED permitted in Phase Two: Opinions and testimony of Lisa Vargas's Expert Okorie Okorocha (Defendants' Motion *in limine* No. 3); opinions and testimony of Defendants' Expert Dr. Timothy Dutra with respect to toxicology, levels of methamphetamine and marijuana, and other such opinions regarding the drug use and behavior of Anthony Vargas (Lisa Vargas's Motion *in limine* No. 2); and opinions and testimony of Defendants' Expert Marvin Pietruszka (Lisa Vargas's Motion *in limine* No. 4).

Defendants' Motion *in limine* No. 9: Just as in Phase One, undisclosed witnesses may be used solely for the purposes of impeachment in Phase Two.

Lisa Vargas's Motion *in limine* No. 7: Just as in Phase One, evidence of other agency determinations shall be excluded from Phase Two.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:19-cv-03279-MEMF-ASx                                                Date: April 20, 2023

Title   <u>Lisa Vargas v. County of Los Angeles, et al.</u>

The Court deferred ruling on Defendants' Motion *in limine* No. 12 regarding undisclosed damages until Phase Two. Having considered the parties' briefing, the Court GRANTS the Motion *in limine* in part and DENIES the Motion *in limine* in part. Plaintiff Lisa Vargas's damages will be limited to the following categories identified in her Opposition:

1. The noneconomic damages of "The loss of Anthony Vargas' love, companionship, comfort, care, assistance, protection, affection, society, and moral support";
2. The noneconomic damages of the pre-morbid physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress of Decedent Anthony Vargas;
3. The funeral and burial expenses [which were produced in discovery] (and Plaintiff will refer to gifts and benefits from her son);
4. Punitive damages against the individual Deputy Defendants; and
5. Attorneys' Fees and Costs under 42 U.S.C. Section 1988 and under California Civil Code Section 52.1.

ECF No. 296 ("Opposition"). For the avoidance of doubt, and as she acknowledges, Plaintiff Lisa Vargas is not permitted to seek recovery for her own personal pain and suffering. *Id.* at 5.

**Witness List**

The only issue raised by the parties with respect to the Phase Two Witness List concerned the matter of whether the testimony of Jaymee Vargas-Ponce could be presented via deposition. *See* ECF No. 371. At the hearing on April 20, 2023, the Court found that Defendants failed to establish that Ms. Vargas-Ponce has been properly served. Defendants also failed to establish any other basis for unavailability. Accordingly, Defendants' request to present the testimony of Jaymee Vargas-Ponce via deposition in lieu of live testimony is DENIED.

**Ruling on Objections to Phase Two Exhibits in Exhibit List**

Exhibits 26–32: Objections OVERRULED. (The Court notes that the possible prejudice of these photographs was addressed in the Court's order on Defendants' Motion *in limine* No. 10. ECF 320 at 10–11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:19-cv-03279-MEMF-ASx  Date: April 20, 2023

Title  <u>Lisa Vargas v. County of Los Angeles, et al.</u>

Exhibits 35–47: Plaintiff Lisa Vargas indicated she does not intend to use these exhibits in Phase Two. (The Court notes that Exhibits 39, 40, 44, and 45A were already admitted in Phase One and may be used by either party in Phase Two.)

Exhibit 48: Tentatively permitted in part for demonstrative only.

Exhibit 51: Plaintiff Lisa Vargas indicated she will use for impeachment only.

Exhibit 54: Plaintiff Lisa Vargas has limited the number of photographs in this exhibit.[1] Accordingly, the objections are OVERRULED.

Exhibit 55: According to counsel, these photographs purport to depict the memorial site established for Anthony Vargas after his death. Pursuant to the Court's order above, and as Plaintiff Lisa Vargas acknowledges, she is not permitted to recover for her own personal pain and suffering, which would include in this instance her grief and sorrow.[2]

Even assuming these photographs are relevant to prove a permitted category of damages—such as Plaintiff Lisa Vargas's loss of Anthony Vargas' love, companionship, comfort, care, assistance, protection, affection, society, and moral support—their probative value on this issue is limited as the photographs mainly depict the grief and sorrow of persons other than Plaintiff Lisa Vargas. Furthermore, any limited probative value that these photographs might have is far outweighed by the potential prejudice given that they relate to calls for justice and accountability in the wake of Anthony Vargas's death. The photographs include language such as "Justice for Anthony," "Check the Sheriff," "Stop Police Murder," and the like. Such evidence has a tendency to distract the jury as it may cause them to focus on the public outcry in the wake of the death rather than the law and the evidence. Accordingly, the objections are SUSTAINED with the exception of Exhibit 55-23, as discussed below.

Exhibit 55-23 is a photograph that purports to depict Plaintiff Lisa Vargas in her home surrounded by pictures of Anthony Vargas. At the hearing on this matter, Defendants objected to the language on the t-shirt, which Plaintiff Lisa Vargas indicated could be redacted. The Court finds this photograph is relevant to permitted categories of damages, and not unduly prejudicial

---

[1] Consistent with Plaintiff Lisa Vargas's proposal, only the following photographs will be permitted by the Court: 1, 4, 6, 9, 12, 13, 14, 16, 17, 18, 19, 21, 22, 23, 24, 26, 29, 30, 34, 35, 37.
[2] The Court raised its concerns about the relevance of the memorial evidence and invited Plaintiff Lisa Vargas to submit supplemental briefing on this issue. She failed to do so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:19-cv-03279-MEMF-ASx                                                          Date: April 20, 2023

Title   <u>Lisa Vargas v. County of Los Angeles, et al.</u>

or cumulative if all of the language on the t-shirt (above and below the image) is redacted. The objections are therefore OVERRULED in part.

Exhibit 56: No objection was made to this exhibit.

Exhibit 57–58, 60: As described by counsel, the videos in these exhibits purport to show various community and family gatherings to memorialize Anthony Vargas and the installation of a memorial site. As discussed above with Exhibit 55, pursuant to the Court's order above, and as Plaintiff Lisa Vargas acknowledges, she is not permitted to recover for her own personal pain and suffering, which would include in this instance her grief and sorrow.[3]

Even assuming these videos are relevant to prove a permitted category of damages—such as Plaintiff Lisa Vargas's loss of Anthony Vargas' love, companionship, comfort, care, assistance, protection, affection, society, and moral support—their probative value on this issue is limited as the photographs mainly depict the grief and sorrow of persons other than Plaintiff Lisa Vargas. Furthermore, any limited probative value that these photographs might have is far outweighed by the potential prejudice given that they relate to calls for justice and accountability in the wake of Anthony Vargas's death. The videos include depictions of language such as "Justice for Anthony," "Check the Sheriff," "Stop Police Murder," "Stop cop murder," and the like.[4] They also include statements by Plaintiff Lisa Vargas regarding the conduct of the Defendants ("lies by cops"). Finally, the videos include political discussions regarding voting against a particular candidate for local office and directing individuals to visit a Social Media page for Anthony Vargas. Such evidence has a tendency to distract the jury, as it may cause them to focus on the public outcry in the wake of the death rather than the law and the evidence. Accordingly, the objections are SUSTAINED.

Exhibit 59: This evidence is relevant and is very limited in duration (according to counsel, 21 seconds). Accordingly, the objections are OVERRULED.

Exhibit 60: This evidence is relevant and is very limited in duration (according to counsel, less than three minutes total). Accordingly, the objections are OVERRULED.

---

[3] The Court raised its concerns about the relevance of the memorial evidence and invited Plaintiff Lisa Vargas to submit supplemental briefing on this issue. She failed to do so.
[4] Exhibit 58 also includes a visual depiction of a skull with "Google LASD Gangs." This exhibit should therefore be excluded for the additional reason that it would contravene the Court's ruling excluding evidence regarding deputy gangs evidence. *See* ECF Nos. 329 and 347.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:19-cv-03279-MEMF-ASx                                                  Date: April 20, 2023

Title      <u>Lisa Vargas v. County of Los Angeles, et al.</u>

Exhibits 103, 150, 193–195: Defendants have indicated they will use for impeachment only.

Exhibits 118–121: According to counsel, this evidence purports to show that Anthony Vargas displayed gang signs and associated with gang members.

Plaintiff Lisa Vargas's foundation objection is OVERRULED at this time but may be reasserted during Phase Two if a proper foundation is not laid. The Court finds that evidence tending to show that Anthony Vargas was a gang member is relevant to a number of issues including life expectancy and loss of companionship. The Court finds it is not more prejudicial than probative based upon the offer of proof that has been made by Defendants that a competent gang expert can identify the persons and/or symbols in the photographs, thereby tying Anthony Vargas to a possible gang association. Accordingly, the remaining objections are OVERRULED.

Exhibit 144: It appears that this is merely evidence of a pending criminal charge. As such, to the extent that prior criminal conduct is relevant to life expectancy, a pending criminal charge is of extremely limited probative value as the charge was not proven. It does not appear that the Defendants are prepared to present testimony regarding the conduct underlying this charge, and even if there were, the Court finds that such testimony—and Plaintiff Lisa Vargas's evidence to controvert this evidence—would take up an undue amount of the jury's time. An accusation of criminal conduct is also highly prejudicial. Accordingly, the objections are SUSTAINED.

Exhibit 132: Plaintiff Lisa Vargas withdrew her objection to this exhibit.

Exhibits 134–139, 142–143, 196–199: The Defendants have withdrawn these exhibits.

Exhibit 141: Plaintiff Lisa Vargas's foundation objection made orally at the hearing is OVERRULED at this time but may be reasserted during Phase Two if a proper foundation is not laid.

Exhibits 203–207: Defendants have indicated they will use for impeachment only. The Court notes that a number of these exhibits appear to contain material that the Court has indicated is more prejudicial than probative as it relates to calls for justice and accountability in the wake of Anthony Vargas's death, *see supra*, as well as the existence of deputy gangs, *see* ECF Nos. 329 and 347. To the extent that Defendants use any portions of these exhibits that contain this material, Plaintiff Lisa Vargas is permitted to argue to the Court that the door has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:19-cv-03279-MEMF-ASx                                          Date: April 20, 2023

Title   <u>Lisa Vargas v. County of Los Angeles, et al.</u>

been opened for other evidence in this vein to be introduced. In addition, public remarks by counsel for Plaintiff Lisa Vargas are irrelevant and ORDERED excluded.

**IT IS SO ORDERED.**

:

**Initials of Preparer**