Humberto Guizar, Esq. (SBN 125769)
  *hguizar@ghclegal.com*
Christian Contreras Esq. (SBN 330269)
  *ccontreras@ghclegal.com*
**GUIZAR, HENDERSON & CARRAZCO, LLP**
3500 W. Beverly Boulevard
Montebello, California 90640
Telephone: (323) 725-1151; Facsimile: (323) 597-0101

Attorneys for Plaintiff,  LISA VARGAS

**RICKEY IVIE (S.B.N.: 76864)**
rivie@imwlaw.com
**MARINA SAMSON (S.B.N.: 315024)**
msamson@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 S. Flower Street, 18th Floor
Los Angeles, CA 90017-2919
Tel.   (213) 489-0028; Fax      (213) 489-0552

Attorneys for Defendants, COUNTY OF LOS ANGELES, et.al.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA VARGAS,<br><br>                    Plaintiff<br><br>          v.<br><br>COUNTY OF LOS ANGELES, NIKOLIS PEREZ, JONATHAN ROJAS, and DOES 1 through 10, inclusive,<br><br>                    Defendants | **CASE NO.: 2:19-cv-03279-MEMF-AS**<br>*[Hon. Maame Ewusi-Mensah Frimpong, United States District Judge]*<br><br>**JURY INSTRUCTIONS**<br><br>Trial Date:        April 6, 2023 |

**TO THE HONORABLE DISTRICT JUDGE MAAME EWUSI-MENSAH FRIMPONG :**

**COMES NOW** Plaintiff LISA VARGAS and Defendants COUNTY OF LOS ANGELES, et.al hereby submit the following Jury Instructions pursuant to Dkt. 325.

DATED: April 25, 2023          **GUIZAR, HENDERSON & CARRAZCO, LLP**

By: */s/ CHRISTIAN CONTRERAS*
HUMBERTO GUIZAR
CHRISTIAN CONTRERAS[1]
Attorneys for Plaintiff

DATED: April 25, 2023          **IVIE McNEILL WYATT
PURCELL & DIGGS**

By: */s/ MARINA SAMSON*
RICKEY IVIE
MARINA SAMSON
Attorneys for Defendant,
COUNTY OF LOS ANGELES, et.al.

---

[1] Pursuant to the Local Rules, I attest that all signatories to this document authorized the joint filing of this document.

# JOINT UNDISPUTED JURY INSTRUCTIONS

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Duty of Jury (Court Reads Instructions at The Beginning Of Trial But Does Not Provide Written Copies) | 9th Cir. 1.3 | 1 |
| 2 | Duty of Jury (Court Reads Instructions at The Beginning Of Trial But Does Not Provide Written Copies) | 9th Cir. 1.3 | 2 |
| 3 | Claims and Defenses | 9th Cir. 1.5 | 3 |
| 4 | Burden Of Proof—Preponderance of The Evidence | 9th Cir. 1.6 | 5 |
| 5 | Two Or More Parties—Different Legal Rights | 9th Cir. 1.8 | 6 |
| 6 | What is Evidence | 9th Cir. 1.9 | 7 |
| 7 | What is Not Evidence | 9th Cir. 1.10 | 8 |
| 8 | Evidence For Limited Purpose | 9th Cir. 1.11 | 9 |
| 9 | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 10 |
| 10 | Ruling On Objections | 9th Cir. 1.13 | 11 |
| 11 | Credibility of Witnesses | 9th Cir. 1.14 | 12 |
| 12 | Conduct of the Jury | 9th Cir. 1.15 | 14 |
| 13 | Publicity During Trial | 9th Cir. 1.16 | 16 |
| 14 | No Transcript Available to Jury | 9th Cir. 1.17 | 17 |
| 15 | Taking Notes | 9th Cir. 1.18 | 18 |

**JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| 16 | Bench Conferences and Recesses | 9th Cir. 1.20 | 19 |
| 17 | Outline of Trial | 9th Cir. 1.21 | 20 |
| 18 | Cautionary Instructions | 9th Cir. 2.0 | 21 |
| 20 | Deposition in Lieu of Live Testimony | 9th Cir. 2.4 | 22 |
| 21 | Expert Opinion | 9th Cir. 2.13 | 24 |
| 22 | Intoxication | CACI 404 | 25 |
| 23 | Comparative Fault of Decedent | CACI 407 | 26 |
| 24 | Damages-Proof + Measure Of Types Of Damages | 9th Cir. 5.1 & 5.2 | 27 |
| 25 | Life Expectancy | | 28 |
| 26 | Punitive Damages | CACI No. 3940 | 29 |
| 27 | Nominal Damages | 9th Cir. 5.6 | 31 |
| 28 | Duty To Deliberate | 9th Cir. 3.1 | 32 |
| 29 | Consideration Of Evidence— Conduct Of The Jury | 9th Cir. 3.2 | 33 |
| 30 | Communication With Court | 9th Cir. 3.3 | 35 |
| 31 | Return Of Verdict | 9th Cir. 3.5 | 36 |
| 32 | Deadlocked Jury | 9th Cir. 3.7 | 37 |
| 33 | Post-Discharge Instruction | 9th Cir. 3.9 | 38 |

# COURT INSTRUCTION NO. 1.

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

1

**JURY INSTRUCTIONS**

## COURT INSTRUCTION NO. 2.

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**COURT INSTRUCTION NO. 3.**

This case involves a fatal deputy-involved shooting incident which occurred on August 12, 2018, at the Nueva Maravilla Housing Complex in East Los Angeles, California. On the morning of August 12, 2018, Anthony Vargas was shot and killed by Los Angeles County Sheriff's Department Deputies Jonathan Rojas and Nikolis Perez.

The Plaintiff is Lisa Vargas, the mother of Anthony Vargas. The defendants are the County of Los Angeles and Los Angeles County Sheriff's Department Deputies Jonathan Rojas and Nikolis Perez.

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff asserts that Deputies Jonathan Rojas and Nikolis Perez used excessive force against Anthony Vargas in violation of Anthony Vargas' constitutional rights. The Plaintiff also claims that Deputies Jonathan Rojas and Nikolis Perez committed assault and battery against Anthony Vargas, were negligent, and violated the Bane Act and violated Plaintiff's substantive due process rights. The Plaintiff is seeking compensatory and punitive damages. The plaintiff has the burden of proving these claims.

The Defendants deny the Plaintiff's claims, and contend that the force that Deputies Rojas and Perez used against Anthony Vargas was reasonable, necessary, and lawful.  Defendants also contend that their use of force was self-defense and/or defense of others, Mr. Vargas was comparatively negligent, and Plaintiff and Mr. Vargas failed to mitigate their damages. The defendant has the burden of proof on

these *counterclaims and  affirmative defenses.* The Defendants also dispute the nature and extent of the damages claimed by the Plaintiff.

**JURY INSTRUCTIONS**

## COURT INSTRUCTION NO. 4.

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**COURT INSTRUCTION NO. 5.**

You should decide the case as to plaintiff and each defendant separately. Unless otherwise stated, the instructions apply to all parties.

**COURT INSTRUCTION NO. 6.**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the lawyers have agreed;

4.  any facts that I may instruct [have instructed] you to accept as proved.

## COURT INSTRUCTION NO. 7.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## COURT INSTRUCTION NO. 8.

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

The testimony you are about to hear or you have just heard may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.

**COURT INSTRUCTION NO. 9.**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

**COURT INSTRUCTION NO. 10.**

There are rules of evidence that control what can be received into evidence.

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

**JURY INSTRUCTIONS**

# COURT INSTRUCTION NO. 11.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the

number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**JURY INSTRUCTIONS**

# COURT INSTRUCTION NO. 12.

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based

**JURY INSTRUCTIONS**

on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**JURY INSTRUCTIONS**

## COURT INSTRUCTION NO. 13.

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**JURY INSTRUCTIONS**

## COURT INSTRUCTION NO. 14.

I urge you to pay close attention to the testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**COURT INSTRUCTION NO. 15.**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**COURT INSTRUCTION NO. 16.**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**COURT INSTRUCTION NO. 17.**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments. After that, you will go to the jury room to deliberate on your verdict.

# COURT INSTRUCTION NO. 18.

At the End of Each Day of the Case:

    As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

At the Beginning of Each Day of the Case:

    As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

    If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful adherence to my instructions.]

**COURT INSTRUCTION NO. 19.**

You are about to hear or watch a recording that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you heard is controlling. After the recording has been played, the transcript will be taken from you.

1

**COURT INSTRUCTION NO. 20.**

2

3

A deposition is the sworn testimony of a witness taken before trial. The witness

4

is placed under oath to tell the truth and lawyers for each party may ask questions.

5

The questions and answers are recorded. When a person is unavailable to testify at

6

trial, the deposition of that person may be used at the trial.

7

The depositions of Carlos Estrada and Dr. Timothy Dutra was taken in this

8

case. Insofar as possible, you should consider deposition testimony, presented to you

9

in court in lieu of live testimony, in the same way as if the witness had been present

10

to testify.

11

Do not place any significance on the behavior or tone of voice of any person

12

reading the questions or answers.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT INSTRUCTION NO. 21.**

You have heard testimony from experts who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

## COURT INSTRUCTION NO. 22.

2

3        A person is not necessarily negligent just because that person used drugs.

4 However, people who takes drugs must act just as carefully as those who do not.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT INSTRUCTION NO. 23.**

Defendants Nikolis Perez and Jonathan Rojas claim that Anthony Vargas' own negligence contributed to his death.

To succeed on this claim, Nikolis Perez and Jonathan Rojas must prove both of the following:

1. That Anthony Vargas was negligent; and

2. That Anthony Vargas' negligence was a substantial factor in causing his death.

If Defendants Nikolis Perez and Jonathan Rojas proves the above, Anthony Vargas' damages are reduced by your determination of the percentage of Anthony Vargas' responsibility. I will calculate the actual reduction.

# COURT INSTRUCTION NO. 24.

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff in any one of her claims, you must determine Plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendants.

In determining the measure of damages, you should consider:

- The nature and extent of the injuries;
- Anthony Vargas' loss of his own life;
- Anthony Vargas' pre-death pain and suffering; and
- Lisa Vargas' loss of Anthony Vargas' love, companionship, comfort, care, protection, affection, society, moral support, training, and guidance.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

No fixed standard exists for deciding the amount of these damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

# COURT INSTRUCTION NO. 25.

In determining damages for the Lisa Vargas, you should take into account how long the Lisa Vargas will probably live, as well as how long Anthony Vargas would probably have lived.

Lisa Vargas is 49 years old. According to the National Vital Statistics Report, a 49-year-old female is expected to live another 31 years.

Anthony Vargas was 21 years old. According to the National Vital Statistics Report, a 21-year-old male is expected to live another 54 years.

These are the average life expectancies. Some people live longer and others die sooner. This published information is evidence of how long a person is likely to live but is not conclusive. In deciding a person's life expectancy, you should also consider, among other factors, that person's health, habits, activities, lifestyle, and occupation.

**COURT INSTRUCTION NO. 26.**

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was Jonathan Rojas and Nikolis Perez conduct?

In deciding how reprehensible Jonathan Rojas' and Nikolis Perez's conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;

2. Whether Jonathan Rojas and Nikolis Perez disregarded the health or safety of others;

3. Whether Anthony Vargas was financially weak or vulnerable and Jonathan Rojas and Nikolis Perez knew Anthony Vargas was financially weak or vulnerable and took advantage of him.

4. Whether Jonathan Rojas and Nikolis Perez's conduct involved a pattern or practice; and

5. Whether Jonathan Rojas and Nikolis Perez acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and Anthony Vargas' and Lisa Vargas' harm or between the amount of punitive damages and potential harm to Lisa Vargas that Jonathan Rojas and Nikolis Perez knew was likely to occur because of their conduct]?

(c) In view of Jonathan Rojas and Nikolis Perez financial condition, what amount is necessary to punish them and discourage future wrongful conduct?

You may not increase the punitive award above an amount that is otherwise appropriate merely because Jonathan Rojas and Nikolis Perez has substantial financial resources.

1

2

Any award you impose may not exceed Jonathan Rojas and Nikolis Perez's ability to pay.

3

4

Punitive damages may not be used to punish Jonathan Rojas and Nikolis Perez for the impact of their alleged misconduct on persons other than Plaintiff.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT INSTRUCTION NO. 27.**

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

## COURT INSTRUCTION NO. 28.

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTIONS**

## COURT INSTRUCTION NO. 29.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

`These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**JURY INSTRUCTIONS**

**COURT INSTRUCTION NO. 30.**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT INSTRUCTION NO. 31.**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

**COURT INSTRUCTION NO. 32.**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.

**JURY INSTRUCTIONS**

**COURT INSTRUCTION NO. 33.**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28