JS-6, O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA VARGAS,<br><br>                Plaintiff,<br>    v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>                Defendants. | Case No.: 2:19-cv-03279-MEMF-ASx<br><br>**ORDER GRANTING MOTION TO DISMISS [ECF NO. 392] AND REQUEST FOR JUDICIAL NOTICE [ECF NO. 392-1], AND REMANDING TO STATE COURT** |

    Before the Court are the Motion to Dismiss and Request for Judicial Notice filed by Plaintiff Lisa Vargas. For the reasons stated herein, the Court hereby GRANTS the Motion to Dismiss and the Request for Judicial Notice, and ORDERS that the case be REMANDED.

## BACKGROUND

**I.    Factual Background**

    This case concerns a deputy-involved shooting, in which Anthony Vargas ("Anthony Vargas"), the son of Plaintiff Lisa Vargas ("Lisa Vargas"), was killed by Defendants Nikolis Perez and Jonathan Rojas ("Deputy Defendants"). ECF No. 159 ("MSJ Order") at 2. On August 28, 2018, the Deputy Defendants responded to a 911 call reporting an armed robbery that had just occurred. *Id.*

When the Deputy Defendants arrived on the scene, a struggle between Anthony Vargas and the Deputy Defendants ensued and the Deputy Defendants subsequently shot Anthony Vargas sixteen times. *Id.* at 2–3.

## II. Procedural History

Lisa Vargas ("Plaintiff" or "Vargas"), the mother of Anthony Vargas, filed the instant lawsuit against the County of Los Angeles (the "County") and the Deputy Defendants.[1] ECF No. 1-1 ("Compl."). On August 19, 2019, Lisa Vargas filed a First Amended Complaint, alleging six causes of action: (1) battery (wrongful death) (Claim 1); (2) negligence (wrongful death) (Claim 2); (3) violation of the Bane Act (CAL. CIV. CODE § 52.1) (Claim 3); (4) unreasonable search and seizure—excessive force and denial of medical care (42 U.S.C. § 1983) (Claim 4); (5) substantive due process (42 U.S.C. § 1983) (Claim 5); and (6) municipal liability for unconstitutional custom, practice, or policy (42 U.S.C. § 1983) (Claim 6). ECF No. 28 ("FAC"). On January 5, 2021, the Court granted summary judgment in favor of the Defendants as to municipal liability (Claim 6). ECF No. 159. On April 5, 2023, the trial in this case began. ECF No. 352.[2] On April 13, 2023, the seventh day of trial, Plaintiff rested her case. ECF No. 368. The next day, on April 14, 2023, Defendants rested their case, and the jury began its deliberation. ECF No. 369. During the trial, the parties presented testimony from expert witnesses and the defendants themselves. On April 25, 2023, the Court declared a mistrial. ECF No. 388.

On May 5, 2023, Vargas filed the instant Motion to Dismiss. ECF No. 392 ("Motion" or "Mot."). Vargas also filed a Request for Judicial Notice. ECF No. 392-1 ("RJN"). The Motion was fully briefed on June 9, 2023. ECF Nos. 403 ("Opp'n"), 404 ("Reply"). The Court held oral argument on this matter on July 20, 2023.

/ / /

/ / /

---

[1] The County and Deputy Defendants will be referred to collectively as the "Defendants."

[2] The Court notes that it has not yet ruled on Motion in Limine 12 to Preclude Evidence of Damages not Disclosed in a Computation of Damages and Plaintiffs Alleged Pain and Suffering filed by Defendants at ECF Nos. 148 and 274. In light of the Court's ruling on this Motion, these Motions in Limine are DENIED as Moot.

# **REQUEST FOR JUDICIAL NOTICE**

## **I.  Applicable Law**

A court may take judicial notice of facts not subject to reasonable dispute where the facts "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Under this standard, courts may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Moreover, even when documents are not physically attached to the complaint, courts may nonetheless consider such documents if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011); *Lee*, 250 F.3d at 688.

## **II.  Discussion**

Vargas submits—and asks the Court to take judicial notice of—one district court order in support of her Motion to Dismiss: Minute Order on Plaintiff's Motion to Dismiss Federal Claims Pursuant to FRCP 41(a)(2) and Request for Remand, ECF No. 152, *Sullivan v. City of Buena Park*, No. SACV 8:20-cv-01732-CJC-ADS (C.D. Cal. June 6, 2023) ("Exhibit 1"). *See generally* RJN. The Court notes that Exhibit 1 falls within the category of filings in other proceedings that some courts have deemed appropriate for judicial notice. *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings). The Court therefore GRANTS the Request for Judicial Notice. The Court notes, however, that Exhibit 1 is of limited assistance in the outcome of the pending Motion to Dismiss because the Minute Order contains no reasoning or analysis. As a result, the Court is unable to discern—nor was Vargas at the hearing able to offer—the basis on which the court in *Sullivan* granted the Motion to Dismiss.

/ / /

/ / /

# MOTION TO DISMISS

**I.  Applicable Law**

**A. Voluntary Dismissal**

Federal Rule of Civil Procedure 41(a) governs voluntary dismissal of an action. Under Rule 41(a), voluntary dismissal may occur in one of two ways:

**(1)** *By the Plaintiff.*

> (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
>> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>>
>> (ii) a stipulation of dismissal signed by all parties who have appeared.
>
> (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> **(2)** *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)). Plain legal prejudice does not result from "[u]ncertainty because a dispute remains unresolved," "the threat of future litigation . . . causes uncertainty," or "because the defendant will be inconvenienced by having to defend in another

forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* (quoting *Westlands*, 100 F.3d at 96–97; citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145–46 (9th Cir. 1982)).

### B. Supplemental Jurisdiction

42 U.S.C. § 1367 "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), *superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000)). A district court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, district courts have the discretion to decline to exercise supplemental jurisdiction if:

> (1) The claim raises a novel or complex issue of State law;
> (2) The claim substantially predominates over the claim over which the district court has original jurisdiction;
> (3) The district court has dismissed all claims over which it has original jurisdiction; or
> (4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c). Under Section 1367(c)(3), a district court has discretion to remand a properly removed case involving pendent claims—in other words, when none of the federal claims remain—"upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon*, 484 U.S. at 357. This discretion allows courts to "deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Id.*

### II. Discussion

Vargas moves to voluntarily dismiss her federal claims and requests that the Court remand her state claims to state court, contending that the Defendants would not suffer legal prejudice by the

dismissal. Mot. at 2–9. Defendants do not oppose Vargas's voluntary dismissal of her federal claims, but rather argue that the Court should retain jurisdiction over her state law claims (1) due to the interests of economy, convenience, fairness, and comity, and (2) because Defendants would suffer great legal prejudice if the case is remanded to state court. Opp'n at 4–10 ("Defendants do not oppose the request for the dismissal of the federal causes of action. Rather the Defendants oppose the request to remand the case back to state court.").

### A. Defendants would not suffer legal prejudice from the dismissal of Vargas's federal claims (Claims 4 and 5).

Vargas contends that voluntary dismissal of her federal claims is warranted because Defendants would not suffer legal prejudice from the dismissal. Mot. at 3–9. Nor do Defendants argue that the dismissal of Vargas's federal claims would legally prejudice them—rather, their Opposition focuses primarily on their contention that they would suffer legal prejudice if the case were to be remanded to state Court. However, legal prejudice is only relevant to the question of whether voluntary dismissal is proper, not to whether the exercise of supplemental jurisdiction is proper. As such, whether Vargas would be legally prejudiced by remand is not an issue the Court considers here.[3] The Court, as a result, finds dismissal of Vargas's federal claims to be proper. The Court therefore GRANTS Vargas's Motion to voluntarily dismiss her federal claims for (1) unreasonable search and seizure—excessive force and denial of medical care (42 U.S.C. § 1983), and (2) substantive due process (42 U.S.C. § 1983). These claims are DISMISSED WITH PREJUDICE.

///
///

---

[3] At the hearing, the Defendants stated that they did not address what legal prejudice would result from the voluntary dismissal of Vargas's federal claims because Vargas stated that her request to dismiss was conditional on whether the case is remanded to state court. The Court notes that Vargas's Motion did indeed request voluntary dismissal "on the condition that this case be remanded to state court." Mot. at 9. Vargas provided no authority for such a request for dismissal and therefore the Court did not treat it as such. More importantly, neither in the briefing or the hearing were Defendants able to identify any legal prejudice caused by dismissal with prejudice.

### B. The Court declines to exercise supplemental jurisdiction over Vargas's state law claims (Claims 1–3).

Vargas further argues that, in the absence of any federal claims, the Court should decline to exercise supplemental jurisdiction over her state law claims because the interests of economy, convenience, fairness, and comity favor doing so. Mot. at 9–10. In contrast, the Defendants argue that the interests of economy, convenience, fairness, and comity militate in favor of retaining supplemental jurisdiction over the state law claims. Opp'n at 4–6, 9–10.

Aside from her two now-dismissed federal claims, Vargas asserts three state law claims for (1) battery (wrongful death) (Claim 1), (2) negligence (wrongful death) (Claim 2), and (3) violation of the Bane Act (CAL. CIV. CODE § 52.1) (Claim 3). *See generally* FAC. As discussed previously, a district court has discretion to decline to exercise supplemental jurisdiction where it has dismissed all claims over which it has original jurisdiction. *Id.* § 1367(c)(3), (4).

Section 1367(c)(3), allowing the court to exercise discretion upon dismissal of all claims over which it has original jurisdiction, applies here. Here, the Court has found voluntary dismissal of Vargas's federal claims to be proper. The federal claims were the only claims over which the Court possessed original jurisdiction. The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under 28 U.S.C. §§ 1367(c)(1)–(3)." *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998). Nonetheless, the Court finds that it would be imprudent and contrary to the interests of judicial economy to maintain jurisdiction over the remaining state law claims without any claims over which it has original jurisdiction.

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon*, 484 U.S. at 350 n.7, *superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000)).

Defendants contend that the interests of economy, convenience, fairness, and comity militate in favor of retaining supplemental jurisdiction over the state law claims because the case has already been extensively litigated on the merits at every stage of the legal proceedings and a jury trial was held. Opp'n at 4–7. However, the jury trial resulted in a mistrial. ECF No. 388. As such, even if the Court were to retain jurisdiction over Vargas's state law claims, Defendants would again be forced to relitigate this case in a jury trial. Furthermore, in the absence of the federal claims, the size, scope, and shape of the case has changed considerably, which may require reconsideration of a number of pretrial matters in any event. For instance, Vargas asserts that her strategy would change and that her focus would be on presenting evidence regarding Defendants' negligence and pre-shooting conduct. If so, the Court's analysis of the evidentiary rules—such as Federal Rule of Evidence 403's weighing of probative value versus prejudice—might be reevaluated. Defendants also contend, without support, that they will have to wait "for years to try the case in the overcrowded Superior Court." Opp'n at 5. It is the Court's understanding that the wait may be on the order of 1–2 years, which, under the circumstances, is modest in any court. Finally, the Defendants argue—relying on *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995)—that Plaintiff is "engaging in manipulative behavior with is unfair to Defendants and to the public." Opp'n at 4–7. But the court in *Baddie* expressly held that there is "nothing reprehensible about plaintiffs' manuevers" in making a "straight-forward tactical decision" to choose the state forum. *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995). Similarly, the Court finds that under the circumstances, there is nothing reprehensible about Vargas's tactical decision to try her state law claims in state court.

The Court also understands that the parties will have a fair opportunity to litigate in state court the extent to which discovery and pretrial matters are relitigated; the Defendants will have the opportunity to have the state court limit the amount of additional litigation or duplication of prior litigation before trial. Accordingly, the Court finds that the interests of judicial economy—as well as all the other factors—point in favor of declining supplemental jurisdiction over the state law claims.[4]

---

[4] Defendants cite to a number of cases that they claim support their assertion that the interests of economy, convenience, fairness, and comity would be best served by retaining jurisdiction over Vargas's state law claims. However, these cases merely reiterate that this decision is in the sound discretion of the district court;

During the hearing on this matter, Defendants raised a number of fairness concerns—in particular, the amount of time it would take for the case to go to trial in state court and the prospect of having to relitigate the various evidentiary issues that the Court previously resolved. However, the Court finds these concerns unavailing. With respect to the time it would take for the case to go to trial, it is unclear how or whether the passage of time would be unfair to Defendants. Indeed, Vargas would also be required to endure the same delay in order to have her day in court. Moreover, it is unclear which party the passage of time would favor—presumably, both parties would equally experience the impact of a continued trial. With respect to relitigation of evidentiary issues, the Court notes that there is no guarantee that the state court would allow Vargas to "relitigate" evidentiary issues previously resolved by this Court. In fact, counsel for Vargas stated at the hearing that the state court may apply the doctrines of res judicata, collateral estoppel, and issue preclusion to prohibit relitigation of some issues. Moreover, although Vargas may seek reconsideration of certain evidentiary issues, nothing prevents her from making the same request before this Court in the event that the case is not remanded—indeed, as the Court mentioned previously, in the absence of the federal claims, the size, scope, and shape of the case has changed considerably, which may require reconsideration of a number of pretrial matters in any event. Additionally, the Court recognizes that during pretrial proceedings, it ruled against both parties on a variety of evidentiary issues; therefore, both parties—not only Vargas—would have the opportunity to "relitigate" these evidentiary issues on remand. Because the balance of these factors does not "tip in favor of retaining

---

Defendants have not pointed to any cases asserting that it would be an abuse of this Court's discretion to remand at this juncture. *See, e.g.*, *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205–06 (9th Cir. 1991) (district court properly exercised discretion to retain jurisdiction over state law claims where plaintiffs filed federal claims initially in state court, only stipulated to dismissal after entire action was removed to federal court, and issue of dismissal of remaining state law claims was fully briefed before district court); *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (district court did not abuse its discretion by retaining supplemental jurisdiction over the single remaining state law claim following dismissal of the plaintiff's state law claims because "[j]udicial economy and convenience to the parties were better accommodated by retaining the state law claim at that juncture."). The Ninth Circuit in *Baddie* examined the propriety of the plaintiffs' allegedly "manipulative" conduct *in the context of whether to award fees or costs*. *Baddie*, 64 F.3d at 491 ("The district court has the discretion to grant or deny remand. . . . . We are not convinced that such practices were anything to be discouraged.").

the state law claims" after the dismissal of her federal claims, *see id.*, the Court finds it proper to decline to exercise supplemental jurisdiction over Vargas's state law claims.

As a result, the Court therefore declines to exercise supplemental jurisdiction over Vargas's state law claims and ORDERS that the case be REMANDED to state court.

## CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The Court GRANTS the Motion to Dismiss as to Vargas's federal claims (Claims 4–5);
2. Vargas's federal claims (Claims 4-5) are DISMISSED WITH PREJUDICE;
3. The Court GRANTS the Request for Judicial Notice;
4. The state law claims shall be REMANDED to state court (Claims 1–3); and
5. The Motions in Limine filed at Nos. 148 and 274 are DENIED as Moot.

IT IS SO ORDERED.

Dated: July 21, 2023

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge